[Civ. No. 2918. First Appellate District, Division One.—December 11, 1919.]

GRACE SABIN PAYNE, Respondent, v. MARIANNE PULLAN, Appellant.

[1] PLEADING—ORDER EXTENDING TIME TO PLEAD—GENERAL APPEARANCE—JURISDICTION.—Where a defendant files a notice of motion to quash service of summons and, pending the making of such motion, procures an order of court extending her time within which to appear and plead to the complaint, she thereby personally appears in the action and the court acquires jurisdiction over her.

[2] ID.—WANT OF JURISDICTION—ORDER REFUSING TO VACATE JUDGMENT—WHEN NOT APPEALABLE.—Where a motion to quash service of summons on the ground that jurisdiction of the person of the defendant was not acquired is denied, the order of the court denying such motion may be reviewed on appeal from the judgment, and where such appeal is not taken, an order thereafter made denying a motion to vacate and set aside the judgment on the ground that jurisdiction of the person of the defendant was not acquired is not appealable.

APPEAL from an order of the Superior Court of the City and County of San Francisco, refusing to vacate a default judgment. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

Martin Stevens for Appellant.

Jas. P. Sweeney and Frank J. Fontes for Respondent.

KERRIGAN, J.—This is an appeal from an order refusing to vacate a judgment taken by default in an action in unlawful detainer. The complaint was filed on December 14, 1915, and two days later an order was made directing service

of summons upon the defendant by publication for three days, the ground of such order being that the defendant was concealing herself in order to avoid being served with summons. On December 24, 1915, the defendant, appearing specially for the purpose, served and filed a notice of motion to quash such service of summons, basing the motion upon the ground that at the time of the making of the order therefor and prior thereto she was a resident of the state of Washington; that therefore jurisdiction of her person could not, under the provisions of section 413 of the Code of Civil Procedure, be acquired by publication of the summons for a period of less than two months. On December 28th, pending the making of this motion, the court, upon affidavits filed on behalf of defendant, made an order extending her time within which to appear and plead to the complaint two days after denial of her motion to quash the service of summons, if denied. This order, upon notice and after argument by both parties, was, on December 30th, vacated and set aside. The record does not show what disposition was made of the motion to quash the service of summons; but it was in effect denied by the action of the court in directing judgment against the defendant, based upon the conclusion that she had personally appeared in the action by procuring the order extending her time to plead, and had not thereafter within due time caused any pleading to be filed on her behalf. No appeal was taken from such judgment.

On June 29, 1916, the defendant served and filed a notice of motion for an order vacating and setting aside the judgment by default taken against her, the grounds of the motion being that the summons had not been served upon her, and hence that jurisdiction over her had not been acquired by the court, she being a nonresident of the state, and summons not having been published for the time fixed by law to acquire jurisdiction over a nonresident. The motion was noticed to be made on July 14th, but it was not in fact made until the following October. On November 28, 1916, the court denied the motion, and on January 15, 1917, the defendant appealed from that order, which is the matter now before us.

[1] The motion to set aside and vacate the judgment, and the motion theretofore made to quash the service of summons, were both based on the same ground, i. e., that the

court had not acquired jurisdiction of the person of the appellant. Both motions were decided against the appellant upon the sound theory that when she took the order extending her time to plead to the complaint she had thereby personally appeared in the action. (*Security Co.* v. *Boston Co.*, 126 Cal. 422, [58 Pac. 941, 59 Pac. 296].) [2] As the order of the court upon the first of said motions could have been reviewed on appeal from the judgment, it follows under the settled law in this state that the second order refusing to vacate the judgment is not an appealable order. It may be said here, as was said in the case of *Mantel* v. *Mantel,* 135 Cal. 315, [67 Pac. 758], that "the grounds upon which the defendant sought to have the judgment vacated existed before the judgment was entered, and would have been available upon an appeal from the judgment."

In *Kent* v. *Williams,* 146 Cal. 3, [79 Pac. 527], it was held that "the rule is well established that an order refusing to vacate a prior order or judgment, from which an appeal may be taken, is not appealable unless there is a record which presents matters for consideration that could not be presented upon the appeal from the original order or judgment."

The order appealed from is affirmed.

Richards, J., and Waste, P. J., concurred.