[Civ. Nos. 9337, 9338. Second Appellate District, Division Two.— March 5, 1935.]

MARTIN VAN FLEET, Respondent, v. WEST AMERICAN INSURANCE COMPANY (a Corporation) et al., Appellants.

Rex Hardy, Vernon W. Hunt, Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and D. M. Kitzmiller, Deputy City Attorney, for Appellants.

Sparling & Teel for Respondents.

SCOTT, J., *pro tem.*—Plaintiff brought suit for damages for false arrest and imprisonment against all defendants, and included a second cause of action against defendant Anderson only for assault and battery. The jury returned a verdict in favor of plaintiff against all defendants for $8,500 actual damages and $4,000 exemplary damages for the first cause of action. They also returned a verdict against defendant Anderson for $250 actual and $250 exemplary damages for

the assault. On motion for new trial the award for exemplary damages as to each count was deleted. Judgment for the remaining amounts was thereupon entered. This appeal is taken by all defendants from judgment as to the false arrest, no appeal being taken from judgment as to the assault.

An automobile belonging to one Jenkins as registered owner was stolen and the theft reported to the police. Shortly thereafter plaintiff in this case telephoned to Jenkins and also to the person who was "legal owner" informing them th-t he had discovered the car. He then contacted defendant insurance company, and after being informed that the car was stolen he demanded five dollars as the price of information concerning the location thereof or ten dollars for delivering it to the office of the insurance company. This demand for compensation was refused. At intervals during a period of more than a week defendant insurance company's employees endeavored to persuade plaintiff to disclose the whereabouts of the car, which he declined to do unless they paid his demand. They suggested he might be arrested, but plaintiff professed disbelief that such a step would be taken. Finally, Langeloh, an employee of the insurance company, called defendant Anderson, a police officer, on the telephone. Dameron, another employee, went over to see him and together with the officer's partner they went to plaintiff's house. A marked five-dollar bill was given plaintiff and he thereupon led the party to where the stolen car was located. On the way they stopped at a service station and Anderson claimed he arrested plaintiff when the latter got out there. Plaintiff claimed he was arrested and handcuffed at the place the stolen car was pointed out. It was then about 12:30 P. M. on Saturday, and plaintiff was taken to a Los Angeles city jail, fingerprinted and booked for "suspicion of grand theft and extortion". The next morning he was taken out by Anderson to have breakfast with his family, and later in the day was similarly escorted to his home, where he stayed for dinner and was then taken back to jail. Monday morning plaintiff was taken to the county jail and at 4:30 P. M. was discharged from custody.

Evidence was introduced which shows that police regulations provide that the desk sergeant, not the arresting officer, has charge of placing persons in jail. After plain-

tiff was taken to jail and presented to the desk sergeant the authority of Officer Anderson was at an end. Whether he performed the mechanical act of turning the key in the lock or interceded the next day to obtain for plaintiff the exceptional privilege of getting out for a while to eat his meals and visit with his family, there was nothing done by Anderson which could be reasonably construed as a new arrest or imprisonment, and nothing upon which recovery could be predicated in any event beyond the arrest and transportation to jail on Saturday. (*Gisske* v. *Sanders*, 9 Cal. App. 13 [98 Pac. 43]; *Mackie* v. *Ambassador H. & I. Co.*, 123 Cal. App. 215 [11 Pac. (2d) 3].)

The instant case must be distinguished from an action for malicious prosecution, where malice and want of probable cause are the gist of the action. (*Neves* v. *Costa*, 5 Cal. App. 111 [89 Pac. 860]; *Nelson* v. *Kellogg*, 162 Cal. 621 [123 Pac. 1115, Ann. Cas. 1913D, 759].) █ There was no burden on plaintiff to establish in this case a want of probable cause. On the other hand, as a defensive matter Anderson and his codefendants undertook to show that as a peace officer he had a right to arrest plaintiff under the provisions of Penal Code section 836, which provides that a peace officer may arrest a person without a warrant when a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it, or on a charge, made upon a reasonable cause, of the commission of a felony by the party arrested. If there was probable cause for making the arrest, then the officer acted justifiably and plaintiff is not entitled to recover. The facts on that point were not disputed and there was therefore no factual issue to be presented to the jury for its determination. █ "Probable cause may be defined as a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true. (*Potter* v. *Seale*, 8 Cal. 217, 221.) The court must determine, as a matter of law, whether the facts and circumstances as they appear, or are found to exist, constitute probable cause. (*McKenna* v. *Heinlen*, 128 Cal. 97, 100 [60 Pac. 668]; *McCarthy* v. *DeArmit*, 99 Pa. St. 63.) Hence we are not bound by the conclusion of the trial judge on that point." (*Michel* v. *Smith*, 188 Cal. 199, at pp. 205 and 206 [205 Pac. 113].)

Defendant Anderson knew that the automobile had been stolen and that it was so listed on the police reports. He had made two unavailing trips to the home of plaintiff to inquire about the car. Prior to the day of arrest he had considered and discussed with a fellow officer the import of section 485 of the Penal Code, which provides: ''One who finds lost property under circumstances which give him knowledge of or means of inquiry as to the true owner, and who appropriates such property to his own use or to the use of another person not entitled thereto, without first making reasonable and just efforts to find the owner and to restore the property to him, is guilty of theft.'' He had had several cases where men would go out and steal cars and then call up the insurance company demanding a reward, was under the impression plaintiff was doing the same thing, and testified ''that was my belief when I made the arrest, that the car had been stolen by the plaintiff''. ██

On this state of facts the trial court properly undertook to make a finding as a matter of law on the question whether there was such probable cause for the arrest as to justify the officer in making it. (*Michel* v. *Smith, supra.*) The answer to that question depends upon all the circumstances of each case, but we must look only at the facts and circumstances presented to the officer at the time he was required to act. (*Murphy* v. *Murray*, 74 Cal. App. 726 [241 Pac. 938]; *People* v. *Kilvington*, 104 Cal. 86 [37 Pac. 799, 43 Am. St. Rep. 73].)

██ With the conclusion of the trial court that under the facts probable cause did not exist as a matter of law we are unable to agree. On the contrary, it appears that probable cause for the arrest, as above defined, did exist at the time, viewing the facts as they reasonably appeared to the officer. In fact, plaintiff was to some degree appropriating the automobile to his own use as a means of extracting a reward from the owner. ''An officer is not liable for false imprisonment for the arrest without a warrant of a person who, he has reasonable grounds to believe, is guilty of a crime''; and to permit a judgment to stand under the circumstances such as here presented ''would result in a miscarriage of justice and would discourage peace officers from performing their duty''. (*Allen* v. *McCoy*, 135 Cal. App. 500 [27 Pac. (2d) 423, 28 Pac. (2d) 56].) As the court declared in

*Gisske* v. *Sanders, supra*: "If it be the law that a police officer acting upon reasonable grounds in making an arrest, even without a warrant, is liable should the arrest be subsequently shown to be improper, it were idle to maintain a police force in the large cities."

█ The other defendants with Anderson did nothing to effect the arrest or imprisonment except to transport the officer and plaintiff to the police station where the officer was required to take his prisoner, and therefore neither of these defendants nor defendant insurance company is liable. (*Mackie* v. *Ambassador H. & I. Co., supra*.)

Under the undisputed facts of this case, as a matter of law defendants are not liable for false arrest or imprisonment.

Judgment reversed and the trial court is instructed to enter judgment for defendants.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1935, and the following opinion then rendered thereon:

THE COURT.—We think respondent, in asking us to detail the testimony, is erroneously assuming that there is evidence in the case tending to establish the fact that appellant arrested respondent without believing or justifiably suspicioning that he was guilty. There certainly is nothing in the evidence as to physical facts that makes any part of it inherently improbable. The repetition of the evidence in detail could, therefore, avail respondent nothing. The physical facts are undisputed and, as a matter of law, they could reasonably have convinced the officer that the plaintiff had committed the crime. There is no substantial evidence upon which to base a conclusion that the officer did not in good faith entertain the belief that the plaintiff had committed the crime.

The rehearing is denied.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.