[Civ. No. 10285.   Second Appellate District, Division One.—December 17, 1935.]

A. B. WOOD, Appellant, v. E. E. COX et al., Respondents.

Henry C. Huntington and Louis Budway for Appellant.

Delbert A. Hessick, City Attorney of City of Huntington Park, and Chalmers L. McGaughey for Respondents.

ROTH, J., pro tem.—John W. Wood, now deceased, on December 31, 1933, was arrested in the City of Huntington Park

by two of its police officers, after a collision with another automobile. He was charged with being drunk on a public street, in violation of an ordinance of the City of Huntington Park, and was lodged in the jail of the City of Maywood. At the time of incarceration, he was unconscious and remained in that condition for a period of three hours while in confinement, and then died. An autopsy showed that death was caused by a ruptured blood vessel in his pancreas. During the time of confinement, inmates of the same jail repeatedly requested that a doctor be called. No doctor was called and no medical assistance was rendered. Plaintiff and appellant is the wife of deceased, who, within a year, pursuant to section 377 of the Code of Civil Procedure, brought this action for wrongful death. The defendants named are the Cities of Maywood and Huntington Park, the respective councilmen and chiefs of police of said cities, and the two arresting officers. The general demurrers of the two cities and the respective councilmen thereof were sustained without leave to amend and a judgment of dismissal as to said cities and said councilmen was entered thereon. This appeal is from that judgment.

The sole question presented is whether a municipality can be held liable in damages for the negligent acts of its police officers acting in a governmental capacity. We are compelled by the authorities to answer the question in the negative. (*Chafor* v. *City of Long Beach*, 174 Cal. 478, 487 [163 Pac. 670, Ann. Cas. 1918D, 106, L. R. A. 1917E, 685]; *Davoust* v. *City of Alameda*, 149 Cal. 69, 70 [84 Pac. 760, 9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536]; *Dobbins* v. *City of Arcadia*, 44 Cal. App. 181, 182 [186 Pac. 190]; *Miller* v. *City of Palo Alto*, 208 Cal. 74 [280 Pac. 108]; *Hilton* v. *Oliver*, 204 Cal. 535, 536 [269 Pac. 425, 61 A. L. R. 297]; *Sievers* v. *City and County of San Francisco*, 115 Cal. 648 [47 Pac. 687, 56 Am. St. Rep. 153]; McQuillin's Municipal Corporations, 2d ed., p. 405, sec. 2591; *Nisbet* v. *Atlanta*, 97 Ga. 650 [25 S. E. 173].) In McQuillin's Municipal Corporations, sec. 2591, it is said: "A municipality is not liable for false imprisonment by police officers; illegal arrest or wrongful acts in making an arrest; unjustifiable assault in making an arrest; arresting and carrying to jail a person too sick to bear the removal. . . . on the same theory, a municipality is not liable to prisoners for injuries received during imprisonment from the

negligent or malicious acts of police or other officers, such as failure to provide a convict with proper medical attention."

In the case of *Nisbet* v. *Atlanta, supra,* the court says: "The question involved in this case has been too often passed upon by this court to require further elaboration. Neither the law of master and servant, nor the doctrine of *respondeat superior,* applies in a case where a prisoner undergoing punishment for a violation of a municipal ordinance is injured or killed in consequence of the negligence or misconduct of the officer having the custody or control of such prisoner."

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1936.