[Civ. No. 10586.   Second Appellate District, Division One.—May 7, 1936.]

CHAS. E. BOWER, Appellant, v. JAMES E. DAVIS et al., Respondents.

Troy Pace and W. P. Smith for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader and Leon Thomas David, Assistants City Attorney, Thatcher J. Kemp, Deputy City Attorney, and James H. Sims for Respondents.

DESMOND, J., pro tem.—Plaintiff in this case was arrested on July 5, 1935, incarcerated in the jail attached to Georgia Street Police Station in Los Angeles, and released the following morning. His complaint alleges that upon being taken to a cell, he was assaulted by the turnkey, one O. N. Conn; that when his personal effects were delivered to him, upon his discharge there was missing the sum of $35 cash which he claims was taken from him and delivered to the desk officer when he was "booked". He further alleges that on the morning of July 6th, he demanded in vain the return

of said sum from this officer. About a week later he filed this action, claiming damages for assault and conversion, not against Conn or the desk officer, but against James E. Davis, chief of police of Los Angeles, and National Surety Corporation, which furnished ''a bond in writing conditioned for the faithful performance by the defendant James E. Davis of his official duty required by law as such chief of police''.

Each of these defendants filed a general demurrer, both of which were sustained without leave to amend, judgment thereupon being ordered in favor of defendants.

Plaintiff bases his appeal from this judgment upon certain provisions of the Los Angeles city charter reading as follows: ''The General Manager of the Police Department shall be known as the Chief of Police'' (sec. 199, Stats. 1925, p. 1090), and ''He shall have, in the discharge of his proper duties, like powers and be subject to like responsibilities as a sheriff in similar cases.'' (Sec. 201, Stats. 1925, p. 1090.) Since ''The law is well settled that a Sheriff is answerable for the wrongful acts of his Deputy, committed under color of his office, and in the pretended discharge of his duty'' (*Van Pelt* v. *Littler*, 14 Cal. 194, 199; see, also, *Abbott* v. *Cooper*, 218 Cal. 425 [23 Pac. (2d) 1027]), the contention here is that the recital in the complaint of wrongs committed by police officers, together with the obligation of the bond, states a cause of action against the chief of police and his surety.

In presenting this argument, appellant in his opening brief is under the impression that the above-quoted language of the city charter declaring a similarity in the offices of sheriff and chief of police appeared for the first time in the charter of 1925, but respondents point out that the same section appeared in the charter of 1889. Reading the decision in *Michel* v. *Smith*, 188 Cal. 199 [205 Pac. 113, 115], published in 1922, declaring that the doctrine of *respondeat superior* does not apply in a case of this character, we find that certain language there appearing (p. 203) is directly applicable to the situation before us: ''These provisions of the charter plainly determine the status of the chief in the police department. He is a member of the department and a public servant like every other member, but by reason of his position is charged with the supervision and control of the police force of the city. . . . In this capacity he may not be held liable in damages for the unlawful acts and omissions of the subordi-

nates of the department, selected pursuant to the provisions of the charter, unless it can be shown that he has directed such acts or personally co-operated therein.'' There was no allegation in the instant case that defendant Davis had any knowledge of the arrest of this appellant, or that he directed or participated in his claimed mistreatment. The principle enunciated in the Michel case is consonant, we believe, with the accepted idea of the responsibility of a general manager, and, as we have noticed, the chief of police of Los Angeles is expressly referred to in the charter as ''General Manager of the Police Department''. Appellant in his reply brief stresses the fact that the 1925 charter omits a section appearing in the 1889 document reading as follows: ''The Chief of Police . . . may, with the approval of the Board of Police Commissioners, select and appoint one or more deputies from the police force, for whose official acts he shall be responsible.'' (Stats. 1889, p. 474.) This section, it appears, was in effect when *Michel* v. *Smith, supra,* was decided and appellant argues that since it does not appear in the 1925 charter, the reasoning of the Michel case does not apply. ''So,'' he says, ''for the first time the full responsibility of a sheriff under the general laws was placed upon the chief of police for the official acts of his subordinates.'' But we still think the rule of the Michel case governs, for, as indicated, that case expressly holds that the doctrine of *respondeat superior* does not apply in cases such as this.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.