[Civ. No. 11586.   Second Appellate District, Division One.—December 27, 1939.]

FRANK E. DOWNEY, Appellant, v. RALPH T. ALLEN, et al., Defendants; MILTON EMLEIN et al., Respondents.

Frank E. Downey, *in pro. per.*, for Appellant.

George W. Trammell, Jr., City Attorney, Harlan V. Boyer, Assistant City Attorney, Walhfred Jacobson, Deputy City Attorney, J. H. O'Connor, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondents.

YORK, P. J.—On April 24, 1934, appellant filed an action in the Municipal Court of the City of Long Beach against the defendant Charles C. Matlock and others, including one Ola E. Matthews. Matlock was served with a copy of the summons and complaint therein and upon his failure to answer, appellant on July 23, 1934, caused his default to be entered. Execution thereafter issued and was returned wholly unsatisfied, and on July 12, 1935, appellant obtained an order for the examination of said defendants in proceedings supplementary to execution and on that day served notice thereof on defendant Matlock. About July 17, 1935, defendant Matlock attempted to have the default set aside and it is charged in the second amended complaint herein that in connection therewith said Matlock and one Ralph Allen (a special officer appointed by the chief of police of the city of Long Beach, and in the employ of Matlock) together with certain other persons entered into a conspiracy to make it appear by false and perjured testimony that Matlock had not been served with said process. It is further alleged that Allen and Matlock conspired to have appellant accused and convicted of giving a bribe to Allen. This plan called for Allen to lure appellant to his home upon the pretense that

appellant would be shown a letter which would prove that Matlock had been served in said action, and then make it appear that appellant had given Allen a bribe in order to induce him to testify falsely on appellant's behalf with respect to the service of said complaint on Matlock. It is alleged that, in furtherance of this conspiracy, Allen went to the respondent William H. Brayton, a deputy district attorney of Los Angeles County, and to the respondent Frank Shoffstall, a deputy sheriff of said county assigned to the duty of investigator in the office of the said district attorney, and falsely represented to said officers that appellant had offered him (Allen) a bribe to testify that Matlock had actually been served with a summons and complaint in the municipal court action. It is further alleged that Brayton, in order to obtain some corroboration. of Allen's story, suggested to Allen that he accept said bribe from appellant and that Brayton, having been misled by Allen to believe that appellant had actually paid Allen a bribe of $50, caused a complaint to be prepared charging appellant with bribery, which complaint was sworn to by the defendant Allen. A warrant was issued upon this complaint by the Municipal Court of Long Beach, and appellant was arrested by the respondent Shoffstall under this warrant. He was then tried for bribery in the superior court where he was prosecuted by the respondent Clifford Crail in his official capacity of deputy district attorney, and was convicted of the crime of bribery. Thereafter a new trial was granted to appellant, he was tried a second time and was acquitted. He then brought the instant action for damages for false imprisonment, malicious prosecution of the civil suit, assault and battery and kidnaping.

General and special demurrers to the complaint where interposed by respondents and were sustained with the right of amendment, whereupon appellant filed his first amended complaint setting forth the same causes of action, to which demurrers were again filed by respondents and sustained with leave to amend. Appellant then filed his second amended complaint setting forth as causes of action, fraud and deceit, false imprisonment and assault. To this second amended complaint a demurrer was filed by Buron Fitts, as district attorney, and by his deputies Brayton, Crail, Keeler and Hunt, and also on behalf of Eugene Warren Biscailuz, as

sheriff, and his deputy Frank Shoffstall, as well as on behalf of the National Surety Corporation and the Fidelity and Deposit Company of Maryland (the latter being sued on the official bonds of the said officers), upon the grounds that insufficient facts had been alleged to constitute a cause of action against the said respondents, and that appellant had attempted to join two causes of action without separately stating them. Another demurrer, both general and special in character, was filed on behalf of respondent McClelland, as chief of police of the city of Long Beach, and a third general and special demurrer was filed by respondent Milton Emlein.

All of these said demurrers to appellant's third attempt to state a cause of action were sustained without leave to amend upon the ground that "said Second Amended Complaint does not state facts sufficient to constitute a cause of action against the aforesaid defendants, or any of them", the record showing that no request was thereafter made by appellant for leave to amend.

Thereafter a judgment dismissing the action as to the respondents Milton Emlein, Buron Fitts, William Brayton, Clifford Crail, Harry Keeler, Clarence S. Hunt, Joseph H. McClelland, Eugene Warren Biscailuz, Frank Shoffstall, Fidelity and Deposit Company of Maryland, and National Surety Corporation was duly entered. Appellant Downey prosecutes this appeal from "the judgment in said action, sustaining demurrers to plaintiff's complaint and amendments thereto, and denying to plaintiff the right of further amendment".

Appellant has filed a voluminous brief setting forth at great length many abstract propositions of law and citing literally hundreds of cases, code sections and legal authorities in support thereof, but he has failed to point out therein what allegations of his second amended complaint he deems sufficient to state a cause of action against the respondents, and has made no attempt to analyze his pleadings in an effort to show why the judgment herein should be reversed. However, this court has carefully reviewed the more than three hundred pages which make up the clerk's transcript of the judgment roll, and is of the opinion that no cause of action has been stated against any one of said respondents.

■ The respondent Milton Emlein was acting as attorney for the defendant Matlock and the second amended complaint alleges that he did certain things as such attorney at the instance and request of defendant Matlock which the latter knew to be false and fraudulent, but there is no allegation in said complaint that the respondent Emlein had knowledge of such fraud or falsity.

■ With respect to respondent Buron Fitts, as district attorney, and respondents Brayton, Crail, Keeler and Hunt, as deputies district attorney, it is now well-settled law that a prosecuting officer is a *quasi*-judicial officer who is called upon to determine upon evidence submitted to him whether or not a criminal offense has been committed. It is equally well settled upon principles of public policy that such officer is immune from civil liability for his official acts when he determines that an offense has been committed by a defendant and when he prosecutes such defendant therefor. (*Pearson* v. *Reed*, 6 Cal. App. (2d) 277 [44 Pac. (2d) 592], and authorities therein cited.) ■ As a matter of fact the allegations of the second amended complaint reveal that the alleged conspirators, Matlock and Allen, laid before these officials evidence which was sufficient to raise a probable cause that a crime had been committed. Said pleading does not allege that said respondent officials acted either maliciously or corruptly.

■ Appellant's principal complaint against respondent Biscailuz and his deputy Shoffstall appears to be that the respondent deputy sheriff arrested appellant upon a warrant issued by a judge of the Municipal Court of Long Beach, but that said warrant was void because the person who swore to the complaint is alleged to have committed perjury. A peace officer is not liable for the service of a warrant which is valid upon its face, irrespective of any defects in the proceedings leading up to the issuance thereof. (*Burlingame* v, *Traeger*, 101 Cal. App. 365 [281 Pac. 1051]; sec. 4168, Pol. Code.)

■ With respect to the respondent McClelland, chief of police of Long Beach, it was held in *Michel* v. *Smith*, 188 Cal. 199, 201 [205 Pac. 113], that the chief of a municipal police department, even though he be charged with the duty of selecting members of his force, is not responsible for their

acts, unless he has directed such acts to be done or has personally cooperated in the offense, for each policeman is, like himself, a public servant. (See, also, *Bower* v. *Davis,* 13 Cal. App. (2d) 678 [57 Pac. (2d) 574].)

For the reasons stated, the judgment of dismissal as to these respondents is affirmed.

Doran, J., and White, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 19, 1940.