[Civ. No. 7553.   Third Dist.   Mar. 10, 1949.]

FRANK A. ABRAHAMSON, Appellant, v. CITY OF
CERES et al., Respondents.

C. Ray Robinson, Willard B. Treadwell and Margaret A. Flynn for Appellant.

Myron Moyle and Frank B. Collier for Respondents.

ADAMS, P. J.—This is an appeal from a judgment for all but one of the named defendants, which judgment followed an order sustaining their joint demurrer to both counts of plaintiff's first amended complaint, without leave to amend. The demurrer was overruled as to defendant Floyd W. Randall.

The action was filed by plaintiff, the father of Gary Frank Abrahamson, a minor aged 14 years, to recover for the heirs of said minor damages alleged to have been sustained by reason of the wrongful death of the minor, and for funeral expenses. The defendants named in the action were the city of Ceres, a municipal corporation, the five members of its council who are charged individually and as members of the council, the clerk of said city, individually and as such clerk, the chief of police, and Randall, a police officer of the city. The material allegations of the first amended complaint are that Randall was the agent, servant and employee of each and all of the other defendants; that acting within the course and scope of his employment, on or about February 11, 1947, he wilfully, wantonly, negligently and carelessly discharged a firearm, to wit, a pistol, and as the sole, direct and proximate result thereof said minor was struck by the bullet and killed; that a written verified claim for damages was served on four of the councilmen and on the police officer on April 4, 1947, on the other councilman and the chief of police on April 5, 1947, and on the clerk on June 4, 1947. The second count adopted all the allegations of the first count and added that the councilmen, the clerk and the chief of police negligently and carelessly appointed, hired and retained the defendant Randall as a police officer of the city, knowing or with notice that he was a reckless, unfit, careless and negligent person, and incompetent and inefficient to perform or render the services for which he was employed.

Defendants' demurrer asserted that neither count stated a cause of action; that there was no allegation that the claim was presented to and filed with each of the defendants and with the clerk within the 90-day limitation of time prescribed in section 1981 of the Government Code, which thus barred the action; that it was not alleged that defendants or any of them other than Randall directed the acts complained of or personally participated or cooperated therein; and as to the second count, it was specified that there was a variance between the amended complaint and the claim, in that the complaint alleged that all of the defendants except the city of Ceres and Randall "negligently and carelessly appointed, hired and retained" Randall, whereas the claim did not include Mayor Kline or Disney, the clerk, and did not charge that either Kline or Disney had anything to do with the appointment or retention of Randall, or that either of them had notice or knowledge that Randall was a reckless, unfit, careless and negligent person, etc.; and that there was a misjoinder of defendants in that Kline and Disney were not proper parties, since the claim did not state any liability on their part or any claim for damages against them.

Section 1954 of the Government Code provides for the liability of the members of the council of a municipal corporation for the negligent act or omission of an appointee or employee if they knew or had notice that the person appointed or employed was inefficient or incompetent to perform or render the services for which he was appointed or employed; or if they retained such inefficient or incompetent person after knowledge or notice of such inefficiency or incompetency.

Section 1981 of the Government Code reads:

"Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be."

As for the contents of the claim, section 1982 provides: "The claim shall specify the name and address of the claim-

ant, the date and place of the accident and the extent of the injuries or damages received.''

As for the defendant city of Ceres, we think the demurrer was properly sustained as a municipality cannot be held liable in damages for the negligent acts of its police officers acting in a governmental capacity. (See *Wood* v. *Cox,* 10 Cal.App.2d 652, 653 [52 P.2d 565], and cases there cited; 6 McQuillin Municipal Corporations (rev. 2d ed.) § 2591, p. 525; 14 Cal.L.Rev. 233; 1 Ops. of Atty. Gen. (1043) 149.)

We think also that the demurrer was properly sustained as to the chief of police and the city clerk. The city of Ceres is a municipal corporation of the sixth class (Roster of Public Officials), and under [Stats. 1883, p. 93 as amended] Act 5233, section 852, volume 2 Deering's General Laws, relating to municipal corporations of the sixth class, the council alone has the power to appoint a chief of police and subordinate officers and employees, and provides that they shall hold office during the pleasure of the council. Regarding the liability of a chief of police for the torts of a police officer, the court said, in *Bower* v. *Davis,* 13 Cal.App.2d 678, 679 [57 P.2d 574], quoting from the opinion in *Michel* v. *Smith,* 188 Cal. 199 [205 P. 113], as follows:

''In this capacity he may not be held liable in damages for the unlawful acts and omissions of the subordinates of the department, selected pursuant to the provisions of the charter, unless it can be shown that he has directed such acts or personally co-operated therein.''

In the case before us, as in the Bower case, there was no allegation that the chief of police had any knowledge of the incident which resulted in the shooting of the boy, or that he directed or cooperated therein. Also see *Van Vorce* v. *Thomas,* 18 Cal.App.2d 723, 726 [64 P.2d 772]; *Downey* v. *Allen,* 36 Cal.App.2d 269, 273-274 [97 P.2d 515].

We further think that the demurrer was properly sustained as to the city clerk, for he had nothing to do with the appointment or retention of the police officer, nor had he any power to participate in any way with the appointment or retention of such police officer.

As for the alleged variance between the claim and the amended complaint it is stated in the demurrer that the claim omitted the name of Mayor Kline, while the complaint charged him equally with the other four members of the council. The complaint alleged that the claim was served on Mayor Kline on April 5, 1947, which was within the time specified by sec-

tion 1981, *supra*. In material part the claim recited that it was addressed to the members of the city council of the city of Ceres, a municipal corporation, to E. N. Disney, the clerk of the city council, to Henry Kline, mayor of the city, and to defendants Rohde, Barham, Vincent and Ludden, members of the city council. It further alleged that they and each of them should take notice that the undersigned presented and filed with them and each of them his verified claim for damages against them and each of them, individually and in their respective official capacities, as provided for by the laws of the state. However, it also stated that Rohde, Barham, Vincent and Ludden, members of the city council, and Triplett, the chief of police, negligently and carelessly appointed, hired and retained Randall as a police officer of the city, knowing or with notice that he was a reckless, unfit, careless and negligent person, and incompetent and inefficient to perform or render the services for which he was appointed.

It also stated the date and place of the accident and recited that at the stated time and place Randall, while acting in his capacity and within the scope of his authority as a police officer of the city, did wilfully, wantonly, negligently and carelessly discharge a pistol, and as a direct and proximate result of said negligence and carelessness did strike Gary Frank Abrahamson so that as a direct and proximate result thereof said minor was killed.

It is apparent from the foregoing that the claim contains more than is required by section 1982 of the Government Code; and, to say the least, it must have been manifest to Mayor Kline or any other reasonable person reading the claim that all five members of the council were charged with liability. In *Sandstoe* v. *Atchison, Topeka & Santa Fe Railway Co.*, 28 Cal.App.2d 215, 223 [82 P.2d 216], consideration was given to a claims statute and it was there held that in the absence of an intention to mislead, a *substantial compliance* with the statute was sufficient. In *Dillard* v. *County of Kern*, 23 Cal.2d 271, 277 [144 P.2d 365, 150 A.L.R. 1048], the court cited numerous cases and held, with reference to claims statutes, that it is the general rule that substantial compliance will suffice. And in *Knight* v. *City of Los Angeles*, 26 Cal.2d 764, 767 [160 P.2d 779], the court said that "[t]he rule of substantial compliance prevents the requirement of the impossible or absurd."

From the contents of the claim and the fact that it was served upon Mayor Kline, we conclude that there was a suffi-

cient compliance with the statute to charge him and the other four councilmen with the alleged liability.

■ As for the failure to file the claim with the city clerk within the 90 days provided for by section 1981, *supra,* since all five of the councilmen were served with the claim, as to them nothing would have been accomplished by filing a copy of the claim with the clerk. We think that the requirement that the claim be filed with the city clerk, while it applies to a case where it is proper to hold a city liable, does not apply to a case, as here, where only the individual councilmen are chargeable with liability. It appears reasonable that the provision in section 1981 that the claim be filed with the clerk is intended for the convenience of the claimant who, instead of finding and serving the councilmen need only file the claim with the clerk who only represents the board of councilmen for the receipt of such claim. See *Natural Soda Products Co.* v. *City of Los Angeles,* 23 Cal.2d 193, 203 [143 P.2d 12], where it was stated, concerning the purpose of the requirement that claims be filed: ''The principal purpose of the requirement that claims be filed is to provide the city with full information concerning rights asserted against it, so that it may settle those of merit without litigation.'' What was there said regarding a city is equally applicable to the councilmen in the instant case.

Since only the five councilmen can be held liable under the amended complaint, and each of them was served with the claim within the statute of limitations, we conclude that the trial court erred in sustaining their demurrer without leave to amend.

The judgment is affirmed as to the defendants city of Ceres, Henry Triplett, the chief of police, and E. N. Disney, the city clerk; and it is reversed as to the defendants Rohde, Barham, Vincent, Ludden and Kline.

Peek, J., and Thompson, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 5, 1949.