[Civ. No. 18034.   Second Dist., Div. Three.   June 1, 1951.]

JOHN G. OPPENHEIMER, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

John G. Oppenheimer, in pro. per., for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, and Roland Wilson, Deputy City Attorney, for Respondents.

VALLÉE, J.—Appeal by plaintiff from (1) a judgment of dismissal entered pursuant to an order sustaining, without leave to amend, the demurrers of the city of Los Angeles, Clemence B. Horrall, V. Fallon, and W. Erskine to the second amended complaint, (2) an order denying plaintiff's motion to vacate the judgment, (3) an order striking plaintiff's amendment to the second amended complaint, (4) an order quashing a subpoena duces tecum, and (5) an order denying plaintiff's motion to annul the order quashing the subpoena duces tecum. The foregoing defendants, in the order named, are the city of Los Angeles, a municipal corporation, the chief of police, and two police officers of the city.

The first count of the second amended complaint alleges that on November 12, 1948, while on the premises of a restaurant located at 648 South Broadway, "the defendant city by and through its agents and employees, defendants, Doe One and Doe Two [police officers], and each did, accost, seize and wilfully assault plaintiff, bruise and twist his right arm, and unlawfully arrest him at nighttime, without a warrant and against his will, on a pretended charge of a misdemeanor not witnessed by either of them, and then did turn

the plaintiff over to the defendants V. Fallon and W. Erskine, for them to take the said plaintiff to jail"; that "defendants V. Fallon and W. Erskine and each did, in fact then take plaintiff to city jail, on such purported charge of a misdemeanor not witnessed by them, and without a warrant of arrest, and there imprison the said plaintiff and restrain him of his liberty without any right or authority so to do, until the afternoon of the 17th day of November, 1948"; that defendant Clemence B. Horrall, "then Chief of Police of the defendant city, on or about April 6, 1949, in effect ratified, condoned and abetted the cruel and lawless actions of the other non-corporate defendants, and has never repudiated them." The complaint recites the filing of a verified damage claim with defendant city, which claim was subsequently denied. Damage in the sum of $19,000 is alleged.

The second count, directed against defendant city, alleges that on November 12, 1948, and while plaintiff was wrongfully confined, the city maintained and operated a jail which was unfit, overcrowded, unsanitary and not a suitable place of detention; the food was not fit for human consumption and caused plaintiff to become ill; plaintiff was confined in a "stall" with the "dregs and degenerates of human society, as well as thieves and other parasites and disreputable characters"; that in so confining plaintiff the defendant city was "guilty of a wanton disregard of the rights and feelings of this plaintiff," to his damage in the sum of $19,000.

The demurrers of the above named defendants were based on the grounds that the second amended complaint did not state facts sufficient to constitute a cause of action, that a cause of action for false imprisonment was improperly united with a cause of action for assault and battery and not separately stated, and that the complaint was uncertain.

The demurrer of the city was properly sustained. A municipality cannot be held in damages for the torts of its police officers acting in a governmental capacity. (*Stedman* v. *San Francisco*, 63 Cal. 193; *Brindamour* v. *Murray*, 7 Cal.2d 73, 78 [59 P.2d 1009]; *Wood* v. *Cox*, 10 Cal.App.2d 652, 653 [52 P.2d 565]; *Abrahamson* v. *City of Ceres*, 90 Cal.App.2d 523, 526 [203 P.2d 98].) A municipal corporation exercises a purely governmental function in maintaining and operating a jail. (See cases cited Anno. 46 A.L.R. 97; 50 A.L.R. 268; 61 A.L.R. 569.) The second count therefore does not state a cause of action.

The demurrer was likewise properly sustained as to

the chief of police. A chief of police is not liable in damages for the unlawful acts and omissions of the subordinates of the department unless he has directed such acts or personally cooperated in the alleged false imprisonment. (*Abrahamson* v. *City of Ceres,* 90 Cal.App.2d 523, 526 [203 P.2d 98]; *Downey* v. *Allen,* 36 Cal.App.2d 269, 273 [97 P.2d 515].) ▌ The only allegation with respect to the chief of police was that he "in effect ratified, condoned and abetted" the actions of the other individual defendants. This allegation falls far short of an allegation that he directed such acts or personally cooperated in the false imprisonment.

As to respondents Fallon and Erskine, the complaint states a cause of action. ▌ A police officer is without right to arrest an individual, without a warrant, for a misdemeanor not committed in his presence. (Pen. Code, § 836; *Collins* v. *Owens,* 77 Cal.App.2d 713, 718 [176 P.2d 372].) ▌ Where a complaint is based upon an arrest made without a warrant, for a misdemeanor not committed within the presence of an officer, as it is here, all that need be alleged to charge the unlawful arrest is (1) the arrest without process, (2) the imprisonment, and (3) the damage. (*Collins* v. *Owens, supra,* p. 718; *Kaufman* v. *Brown,* 93 Cal.App.2d 508, 511-12 [209 P.2d 156].) ▌ While other matters not necessary to a cause of action for false imprisonment are here alleged, the complaint contains the vital allegations. As against a general demurrer the surplus allegations must be disregarded.

Respondents Fallon and Erskine say that the complaint does not state a cause of action against them for false imprisonment since it charges them only with transporting appellant from the place of his arrest to the place of detention, and not with the actual arrest. This is a misstatement of the pleading. The complaint, in addition to charging them with transporting plaintiff, alleges that without a warrant of arrest, these officers imprisoned him and deprived him of his liberty without any right or authority from November 12, 1948, until November 17, 1948.

*Van Fleet* v. *West American Ins. Co.,* 5 Cal.App.2d 125 [42 P.2d 378, 43 P.2d 557], cited by respondent in this behalf, is not in point. In that case an officer was held not liable for false imprisonment for an arrest without a warrant of a person when a felony had in fact been committed and the officer had reasonable cause for believing the person arrested had committed it. Consequently, it was held that other persons,

not officers, who transported the arresting officer and the plaintiff to the police station were not liable. In the present case, assuming the allegations of the complaint to be true, as we must, the arrest, consequent transportation, and detention were unlawful.

Neither an assault nor a battery is alleged as against the defendants Fallon and Erskine. The allegation that the arresting officers and the jailer assaulted plaintiff is surplusage as to them. We need not, therefore, consider defendants' contention that a cause of action for false imprisonment is united with a cause of action for assault and battery and not separately stated.

A demurrer to plaintiff's amended complaint had been sustained with leave to amend. He then filed his second amended complaint. Defendants then filed their demurrers thereto. Before the demurrers were heard plaintiff filed an amendment to the second amended complaint. On the hearing of the demurrers, on oral motion of defendants, the amendment was ordered stricken from the files. As the amendment did not pertain to the cause of action against Fallon and Erskine, we need not consider whether the court erred in striking it from the files.

Defendants do not urge here that the cause of action stated against Fallon and Erskine is uncertain. We have examined the points made below in that respect and find them to be without merit.

The orders striking the amendment to the second amended complaint, quashing the subpoena duces tecum, and denying plaintiff's motion to annul the order quashing the subpoena duces tecum, being nonappealable (Code Civ. Proc., § 963), are dismissed. The appeal from the order denying plaintiff's motion to vacate the judgment does not present any facts for the consideration of the court other than those which are presented upon the appeal from the judgment itself.

It is well settled that an order made after judgment is not appealable where the motion or application merely asks the court to repeat or overrule the former ruling on the same facts. (*Kent* v. *Williams,* 146 Cal. 3, 11 [79 P. 527] ; *People* v. *Palmer,* 49 Cal.App.2d 579, 580 [122 P.2d 114] ; *Payne* v. *Pullan,* 44 Cal.App. 728, 730 [187 P. 127].) The appeal from this order is, therefore, dismissed.

The judgment is affirmed as to defendants City of Los Angeles and Clemence B. Horrall. That part of the judgment dismissing the action on the second count of the second

amended complaint as to defendants Fallon and Erskine is affirmed. That part of the judgment dismissing the action on the first count of the second amended complaint as to defendants Fallon and Erskine is reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1951.