[Civ. No. 4894.   Fourth Dist.   Nov. 8, 1954.]

Guardianship of MARY MAE JONES, an Incompetent Person. TRESSA ELLEZ, as Guardian, etc., Appellant, v. WALFRED L. PIFER, Respondent.

Crittenden, Holley & Gibbs for Appellant.

Oswald C. Ludwig for Respondent.

MUSSELL, J.—It is conceded by appellant that there is no dispute as to the facts herein and that the only issue involved is whether appellant received sufficient notice of the hearing of April 9, 1954, at which the court approved the final report and account of the guardian, allowed compensation for the guardian and his attorney, terminated the trust and discharged the guardian.

The record shows that on March 12, 1954, a petition for removal of guardian and for appointment of a substitute was filed in the Superior Court of San Diego County. This petition was set for hearing on March 26, 1954, at which time Walfred L. Pifer, the guardian, filed with the clerk a tender of resignation as guardian, subject to approval of the court, and a request for fees for attorneys and as guardian. This document also contained a report and account and set forth the total amounts received by the guardian, the disbursements

made by him, and the balance to be turned over to the new guardian.

In accordance with a stipulation of the parties, the trial court signed an order accepting the resignation of the guardian and ordering him or his attorney to file an inventory and final account forthwith. It was further ordered that neither said Walfred L. Pifer nor his surety be discharged from liability until said final account had been settled and approved by the court. This order further recited that notice of the time and place of the hearing had been complied with and Tressa Ellez was appointed as guardian of the estate of Mary Mae Jones and Carmen Wilcox was appointed as guardian of the person of said Mary Mae Jones. It was further ordered that upon the qualification of Tressa Ellez as such guardian, Walfred L. Pifer turn over all the funds and assets of the estate to her forthwith, subject to settlement of said former guardian's final account.

On March 30, 1954, Pifer filed his account and report as ordered by the court and again set forth the account stated in his tender of resignation. The account of March 30, 1954, was mailed to appellant's attorney on April 3, 1954, and was admittedly received by him on the following date. On April 9, 1954, an order was made by the court approving Pifer's final account and report of guardian, allowing compensation for guardian's and attorney's fees, discharging Pifer as guardian and releasing his sureties. This order contains a recital that due and regular notice had been given of the hearing according to law and that the matter came on regularly for hearing on April 9, 1954. On April 16, 1954, the new guardian filed a petition in said court to set aside the order dated April 9th on the sole ground that said Walfred L. Pifer had failed to comply with the provisions of Probate Code, sections 1200, 1556 and 1556.1 in that he had failed to give notice of the hearing on his report and account. Opposition to this motion and petition was filed by Pifer and on April 29, 1954, exceptions to the final account and inventory were filed by appellant. On April 30, 1954, the parties appeared in court at the hearing on the motion and petition and the trial court denied the motion to set aside the order of April 9th approving the final account.

It is true, as contended by appellant, that notice of hearing of final account of guardian and petition for allowance of his compensation and for attorney's fees must be given as prescribed by sections 1200, 1556 and 1556.1 of the Probate

Code. ■ However, in the instant case the clerk's transcript shows that on March 29, 1954, the clerk posted notice of hearing as required by section 1200 of the Probate Code; that on April 3, 1954, a copy of the first and final account and report of Pifer as guardian and petition for allowance of guardian's and attorney's fees was served on the new guardian by mail. The trial court found that due and regular notice of said hearing had been given according to law. At the hearing on the petition to set aside the order approving said account all necessary parties were before the court and while the petitioner sought to set aside the order on the sole ground that proper notice had not been given, exceptions were filed as to the first and final account. These exceptions were before the court for consideration and after hearing, the court refused to set aside the order approving the account. No special notice was requested under section 1600 of the Probate Code and no objection to the allowance of amounts claimed for compensation for guardian and attorney's fees as claimed in the Pifer resignation was made by appellant at the time the stipulated order was drawn up and signed by the trial court on March 26, 1954. Moreover, the said stipulated order contained no requirements that notice of the hearing on the first and final account be given to appellant or any other parties.

We conclude that under the facts shown by the record before us there was a substantial compliance with section 1200 of the Probate Code, with respect to the notice and no injury or prejudice appears. ■ The order of April 9, 1954, approving the first and final account of Walfred L. Pifer as guardian is affirmed, and the attempted appeal from the order dated April 30, 1954, denying the petition and motion to set aside said order of April 9, 1954, is dismissed as said order is not appealable. (*Litvinuk* v. *Litvinuk*, 27 Cal.2d 38, 44 [162 P.2d 8]; *Bixby* v. *California Trust Co.*, 33 Cal.2d 495, 499 [202 P.2d 1018]; *Oppenheimer* v. *City of Los Angeles*, 104 Cal.App.2d 545, 550 [232 P.2d 26].)

Barnard, P. J., and Griffin, J., concurred.