[L. A. No. 23504. In Bank. Apr. 22, 1955.]

FRED H. MILLER, Appellant, v. DONALD GLASS et al., Respondents.

Fred H. Miller, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Alexander Googooian, Deputy Attorney General, Reed & Kirtland and Robert C. Packard for Respondents.

SPENCE, J.—Plaintiff appeals from a summary judgment. The sole issue in controversy is whether plaintiff's complaint stated a cause of action. ▆▆ In determining this point, plaintiff's allegations must be accepted as true. Upon this

premise, plaintiff contends that the trial court erred in holding that his "action has no merit" and in entering judgment in favor of defendants. The record sustains plaintiff's position.

Plaintiff alleged, among other things, that defendants "without warrant or other process of any kind" arrested him upon the "sole charge of failing, neglecting, and refusing to exhibit upon demand a California fishing license, thus violating section 403 of the Fish and Game Code, a misdemeanor"; that he "had not violated said section . . . in the presence of the defendants or either of them, or otherwise"; that he was thereafter imprisoned by defendants for said purported violation; that by reason of such arrest and imprisonment, he was deprived of his liberty for approximately six hours and thereby suffered damage in the sum of $25,000.

Defendants' demurrer to plaintiff's complaint was overruled. Defendants then answered, denying generally plaintiff's allegations and asserting as an affirmative defense that they were "at all times mentioned . . . acting in their official capacities as law enforcement officers of the California Department of Fish and Game"; that when they arrested plaintiff, they "had reasonable grounds and/or probable cause to believe that plaintiff in [their] presence . . . was violating section 403 of the Fish and Game Code"; that they were then "acting within the course and scope of their employment" and, as such, were "shielded by the cloak of immunity from civil liability."

At the hearing of defendants' motion for a summary judgment, which was made solely on the ground that plaintiff's complaint failed to state a cause of action, plaintiff stipulated that defendants were "Fish and Game Wardens," were "in uniform," and were "on duty at the time" of plaintiff's arrest. Thereupon the court granted the summary judgment, and plaintiff appeals therefrom.

██ Plaintiff properly maintains that his complaint stated a cause of action, for while defendants were admittedly acting as law enforcement officers and were in uniform, they were not immune from civil liability for false arrest and imprisonment. ██ As was stated in *Oppenheimer* v. *City of Los Angeles*, 104 Cal.App.2d 545, at page 549 [232 P.2d 26]: "A police officer is without right to arrest an individual, without a warrant, for a misdemeanor not committed in his presence. (Pen. Code, § 836; *Collins* v. *Owens*, 77 Cal.App.2d 713, 718 [176 P.2d 372].) ██ Where a complaint is based

upon an arrest made without a warrant, for a misdemeanor not committed within the presence of an officer, as it is here, all that need be alleged to charge the unlawful arrest is (1) the arrest without process, (2) the imprisonment, and (3) the damage. (*Collins* v. *Owens, supra,* p. 718; *Kaufman* v. *Brown,* 93 Cal.App.2d 508, 511-512 [209 P.2d 156].) While other matters not necessary to a cause of action for false imprisonment are here alleged, the complaint contains the vital allegations. As against a general demurrer the surplus allegations must be disregarded.''

Relying upon *White* v. *Towers,* 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636], and *Coverstone* v. *Davies,* 38 Cal.2d 315 [239 P.2d 876], defendants contend that since they admittedly were law-enforcing officers, acting within the scope of their employment at the time of their alleged wrongful arrest and imprisonment of plaintiff, they are immune from civil liability for such acts. Neither of the cited cases sustains defendants' contention.

In *White* v. *Towers, supra,* the alleged cause of action was for malicious prosecution, rather than for false arrest and imprisonment. It was held that the policy of ''promoting the fearless and effective administration of the law'' required that officers who institute criminal proceedings in pursuance of their official duties should not be liable to ''vindictive and retaliatory damage suits'' for alleged malicious prosecution. (37 Cal.2d 729.) Different principles govern actions for false arrest and imprisonment, for the law expressly limits the arresting officer's authority. When the arrest is without a warrant, the misdemeanor must have been ''committed or attempted in his presence.'' (Pen. Code, § 836.) ▪ In a malicious prosecution action, malice and lack of probable cause are essential elements of pleading and proof. (16 Cal. Jur. § 2, p. 728.) They have no bearing, however, on charges of false arrest and imprisonment (see 12 Cal.Jur., § 2, p. 429; *Kaufman* v. *Brown,* 93 Cal.App.2d 508, 512 [209 P.2d 156]) except in the single instance, which is not involved on this appeal from the summary judgment, predicated solely on the claimed insufficiency of plaintiff's complaint: that where the offense is apparently being committed in the presence of the arresting officer, he may invoke by way of defense the doctrine of probable cause to justify the arrest without a warrant. (5 Cal.Jur.2d § 10, p. 158.)

*Coverstone* v. *Davies, supra,* involved an alleged false arrest, but there a misdemeanor was being committed in the officers'

presence, and they were therefore authorized to make an arrest without a warrant. (Pen. Code, § 836.) In such circumstances, it was held that the arresting officers, arriving upon the scene, were "entitled to act on reasonable appearances in determining who were parties to the offense" (38 Cal.2d 320), and that the "doctrine of probable cause" would protect them. (38 Cal.2d 321.)

Neither *White* v. *Towers, supra,* 37 Cal.2d 727, nor *Coverstone* v. *Davies, supra,* 38 Cal.2d 315, supports the broad claim that a law-enforcement officer may not be held liable for an arrest, without a warrant, for a misdemeanor not committed in his presence. Such holding would do violence to the provisions of Penal Code, section 836, prescribing the conditions of a lawful arrest, and would be contrary to the settled rules established by the cases dealing with false arrest and imprisonment. (See *Collins* v. *Owens,* 77 Cal.App.2d 713 [176 P.2d 372]; *Kaufman* v. *Brown, supra,* 93 Cal.App.2d 508; *Oppenheimer* v. *City of Los Angeles, supra,* 104 Cal. App.2d 545.) The trial court therefore erred in concluding that plaintiff's complaint failed to state a cause of action and in granting defendants' motion for a summary judgment.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

CARTER, J.—I concur in the reversal of the judgment but disagree with the holding in the majority opinion that *White* v. *Towers,* 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636], and *Coverstone* v. *Davies,* 38 Cal.2d 315 [239 P.2d 876], were correctly decided. I am firmly of the opinion that these cases were erroneously decided as clearly pointed out in my dissenting opinions therein.