[Civ. No. 22738. Second Dist., Div. Two. Jan. 21, 1958.]

R. W. AGNEW, Appellant, v. M. L. SCHWARTZ et al., Defendants; WILLIAM H. PARKER, as Chief of Police, etc., Respondent.

*Assigned by Chairman of Judicial Council.

R. W. Agnew, in pro. per., for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), and William B. Burge, Deputy City Attorney, for Respondent.

FOX, Acting P. J.—Plaintiff sued William H. Parker, Chief of Police of the city of Los Angeles, and certain other police officers of the city, for damages for assault and battery and false imprisonment. Defendant Parker demurred to plaintiff's amended complaint generally and on special grounds. The demurrer was sustained without specifying the particular grounds and plaintiff was granted 10 days within which to further amend his complaint. He declined to amend. In due course, upon motion of Parker, the court dismissed the action as to him. It is from this judgment of dismissal that plaintiff appeals.

When a party declines to amend after a demurrer to his complaint has been sustained in general terms the ensuing judgment will be sustained on appeal if any ground of the demurrer is well taken. (*Haddad* v. *McDowell*, 213 Cal. 690, 691 [3 P.2d 550].)

A plaintiff is required to plead the facts of his case with reasonable precision and with sufficient clarity and particularity that the defendant may be apprised of the nature, source and extent of his asserted cause of action. (*Metzenbaum* v. *Metzenbaum*, 86 Cal.App.2d 750, 753 [195 P.2d 492].)

In passing on the question of the liability of the chief of the Los Angeles Police Department for an asserted unlawful arrest and imprisonment by certain police officers of the city,

the court stated in *Michel* v. *Smith,* 188 Cal. 199, at page 201 [205 P. 113] : ''A public officer is not responsible for the acts or omissions of subordinates properly employed by or under him, if such subordinates are not in his private service, but are themselves servants of the government, unless he has directed such acts to be done or has personally cooperated therein.'' (See also *Downey* v. *Allen,* 36 Cal.App.2d 269, 273-274 [97 P.2d 515] ; *Bower* v. *Davis,* 13 Cal.App.2d 678, 679-680 [57 P.2d 574].) █ Thus, in order to state a cause of action against Chief Parker plaintiff must allege with clarity either that the chief directed the asserted illegal acts to be done by his subordinates or that he ''personally cooperated therein.'' The amended complaint does not disclose upon which factual basis plaintiff relies. It is uncertain in this respect. And this is an important aspect of the case from the standpoint of defendant Parker. In order to properly prepare his defense he is entitled to know with certainty just what facts he is called upon to meet. Parker sought to ascertain this information by way of special demurrer. In his demurrer he pointed out that ''plaintiff's amended complaint is uncertain in that it cannot be ascertained therefrom . . . how or in what manner'' he ''participated in or was in any way responsible for any of the alleged tortious acts set forth'' therein ; also, that the amended complaint is uncertain as to ''how or in what manner this defendant arrested or imprisoned or caused the arrest and imprisonment of plaintiff.'' Thus defendant Parker sought to ascertain whether plaintiff claimed that he directed the alleged illegal acts to be done by the other officers or whether he personally participated in the incident. Plaintiff having refused to clarify the factual foundation of his alleged causes of action, it was proper to grant a judgment of dismissal.

The judgment is affirmed.

Ashburn, J., and Kincaid, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 19, 1958.

---

*Assigned by Chairman of Judicial Council.