[Civ. No. 25349.   Second Dist., Div. Four.   Feb. 1, 1962.]

ROY RANSOM FARNSWORTH, Plaintiff and Appellant, v. IDA M. COTE et al., Defendants and Respondents.

*Assigned by Chairman of Judicial Council.

Roy Ransom Farnsworth, in pro. per., for Plaintiff and Appellant.

Madden & McCarry, Ramsey & Emlein, Gerald Desmond, City Attorney (Long Beach), Leonard Putnam, Deputy City Attorney, Reed, Callaway, Kirtland & Packard and Wallace C. Reed for Defendants and Respondents.

JEFFERSON, J.—This is an appeal by plaintiff from a judgment in favor of defendants in an action brought by plaintiff for trespass, false arrest, false imprisonment, "kidnapping," malicious prosecution and conspiracy to commit such torts.

Evidence introduced at the trial disclosed the following facts: For several years appellant Roy Ransom Farnsworth and respondent Ida M. Cote were adjoining neighbors in Long Beach, California. Shortly after 9 p. m. on December 20, 1956, as respondent Cote was on her porch about to enter her home, she looked across the porch into an open window with a partially raised venetian blind at the side of appellant's house and saw him seated beneath a light masturbating his erect penis. Miss Cote went across the street to the home of a friend, respondent Nellie Lynn, and asked her to go to Miss Cote's porch to witness appellant's actions while she stayed at Mrs. Lynn's home. Mrs. Lynn ran across the street to Miss Cote's porch and viewed Mr. Farnsworth as previously described. As she was returning home she met a neighbor,

Mr. Davis, deceased at the time of the trial, and asked him to go to Miss Cote's porch. He went to the porch and thereafter accompanied Mrs. Lynn to her home from where he telephoned the police.

Respondents Raymond L. Cohee and Clifford M. Lamont, Long Beach police officers who were on duty in a police patrol car, received a radio dispatch concerning an indecent exposure. Upon arriving at the given address they were met by Mr. Davis who told the officers that he, Miss Cote and Mrs. Lynn, had seen the appellant exposing and playing with himself.

The officers then went to Miss Cote's porch where they observed Mr. Farnsworth masturbating. Officer Lamont then went from Miss Cote's porch to Mr. Farnsworth's property from where he made a closer observation. He saw Mr. Farnsworth sitting in his living room facing the west window of the house and the window and porch of Miss Cote. He was wearing a tee-shirt and a bathrobe. A small table lamp was lighted and tilted to throw all the light on Mr. Farnsworth. Mr. Farnsworth was masturbating at the time. Officer Cohee proceeded to the front door and knocked. Officer Lamont, who remained on Miss Cote's porch, observed Mr. Farnsworth who rose, straightened the lampshade and lowered the venetian blinds through which he had been viewed. He went to the front door and talked to the officers who accused him of committing a crime. The officers stated that appellant first denied exposing himself or of committing any crime; that appellant then stated that his wife was too tired, because of her work, to give him sexual gratification; that he had done this only once before, and that if the officers would give him a break he would never do it again. They did not then arrest him because they had not completed their investigation. The officers told appellant that they would check with the witnesses and that appellant should hold himself in readiness for their return, for thereupon they would probably effect an arrest.

The officers then returned to Mrs. Lynn's house where they talked to Mrs. Lynn, Miss Cote and Mr. Davis and took down their statements. The officers were told that Miss Cote had seen appellant exposing himself on a former occasion. After completing their investigation they sought advice from respondent Sergeant Workman who had arrived at the scene. He advised them the arrest would be legal.

The officers then contacted Mrs. Farnsworth, who was about to enter her home, and asked her to tell her husband they

would like to talk to him. They accompanied her into the house and waited while she awakened her husband. They instructed him to dress and come with them. Mr. Farnsworth was arrested without a warrant approximately 45 minutes after he was first interviewed. He was taken to the police station where he was booked and incarcerated until approximately 10:30 a. m. the following day. Respondent Police Officers Carabine, Bieri, Hill and Higgins were charged with detaining prisoners at the jail during this time.

The following morning a typed copy of the police report of Officers Cohee and Lamont came to the desk of respondent Donald W. Dyer in his capacity as head of the felony morals detail. He presented the report to a deputy city prosecutor of the City of Long Beach who issued a criminal complaint charging appellant with violations of sections 311, subdivision 1 and 647, subdivision 5 of the Penal Code, for indecent exposure and being a lewd and dissolute person. Officer Dyer signed this complaint.

Appellant was subsequently arraigned and entered a plea of not guilty. At the trial the jury was unable to agree upon a verdict, and the court declared a mistrial. After the matter was set for retrial the complaint was dismissed in the interests of justice on the motion of the deputy city prosecutor.

Appellant Farnsworth then brought a civil action against the respondents herein. This appeal involves questions arising from the trial of issues joined under the fifth amended complaint as modified by the pretrial order. Appellant's first cause of action was against respondents Cote, Lynn (neighbors), Cohee and Lamont (arresting officers) for trespass. His second and third causes of action were for false imprisonment and "kidnapping" against all respondents excepting Officer Dyer (booking officer). His fourth cause of action for malicious prosecution was against all respondents.

At the commencement of the nonjury trial the judge dismissed the action against respondents Workman, Carabine, Hill, Bieri, Haynes and Higgins. The trial concluded in a judgment being rendered for the remaining defendants and appellant appeals with his principal contentions being in effect:

1. The evidence is insufficient to support the judgment in fact and in law;

2. Actions against certain respondents were erroneously dismissed.

█ With respect to appellant's first contention that the evidence is insufficient to support the findings of fact and the

judgment, the power of the appellate court is limited to a determination as to whether there is substantial evidence which will support the conclusion reached by the trier of fact. ▮ The word "substantial" implies that the evidence must be of ponderable legal significance, reasonable in nature, credible, and rationally related to the essentials which the law requires in a particular case. (*Estate of Teed,* 112 Cal.App. 2d 638, 644 [247 P.2d 54].) ▮ If there is substantial evidence supporting respondents, after resolving all conflicts in their favor, and indulging in all reasonable and legitimate inferences to uphold the findings, this court is bound by the decision of the trial court. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183]; *Ogulin* v. *Jeffries,* 121 Cal.App.2d 211, 214 [263 P.2d 75].)

▮ Viewing the evidence favorably to respondent (*Rudolph* v. *Tubbs,* 46 Cal.2d 577, at p. 581 [291 P.2d 913]), the court holds it to be substantial and clearly sufficient to support the findings and the judgment.

A peace officer may arrest without a warrant for a misdemeanor committed or attempted in his presence. (Pen. Code, § 836; *Coverstone* v. *Davies,* 38 Cal.2d 315, 320 [239 P.2d 876].) A reasonable person confronted by the scene which the officers viewed from Miss Cote's porch could have an honest and strong suspicion of appellant's guilt of a violation of Penal Code section 311, subdivision 1, which states: "Every person who wilfully and lewdly, either: (1) Exposes his person, or the private parts thereof, in any public place, *or in any place where there are present other persons to be offended or annoyed thereby* . . . is guilty of a misdemeanor." (Italics added.) Mr. Farnsworth's protestations that he was merely rubbing ointment on an inflamed prostate, if believed, are nevertheless consistent with the officer's justifiable belief that appellant was violating Penal Code section 311, subdivision 1.

▮ Despite conflicting evidence the court apparently believed the arresting officers who testified the arrest occurred approximately 45 minutes after they arrived at the scene. The evidence shows that during the time between the interview and the arrest and before transacting any other business all of the officers' actions were directed solely toward investigating appellant's reputation, his prior conduct, and other circumstances surrounding the particular offense in question. ▮ In determining whether there was reasonable cause for the arrest

the officers are justified in taking into account the past conduct, character and reputation of the person suspected. (*People* v. *Wickliff*, 144 Cal.App.2d 207, 212-213 [300 P.2d 749].) ▪▪▪ Under these circumstances the delay was not unreasonable. (*Ogulin* v. *Jeffries*, 121 Cal.App.2d 211, 214-216 [263 P.2d 75].)

Appellant knew that Cohee and Lamont were officers and he was informed that he had committed an offense. The cause of the arrest was apparent and the formal requirements of an arrest were substantially complied with. (*People* v. *Rios*, 46 Cal.2d 297, 299 [294 P.2d 39]; *Allen* v. *McCoy*, 135 Cal.App. 500, 508-509 [27 P.2d 423, 28 P.2d 56].) "There shall be no civil liability on the part of and no cause of action shall arise against any peace officer, acting within the scope of his authority, for false arrest or false imprisonment arising out of any arrest when: (a) Such arrest was lawful or when such peace officer, at the time of such arrest had reasonable cause to believe such arrest was lawful. . . ." (Pen. Code, § 847.)

The evidence fully supports the finding that the arrest was lawful and was based upon probable cause. ▪▪▪ Absence of probable cause is an indispensable element of an action for malicious prosecution. (*Richter* v. *Neilson*, 11 Cal.App.2d 503, 508 [54 P.2d 54].)

▪▪▪ Officer Dyer, who signed the criminal complaint, while acting within the scope of his authority and in good faith is immune from civil liability for alleged malicious prosecution arising out of the performance of his duty. (*White* v. *Towers*, 37 Cal.2d 727, 732-733 [235 P.2d 209, 28 A.L.R.2d 636]; see *Miller* v. *Glass*, 44 Cal.2d 359, 362 [282 P.2d 501].)

The acts of confinement complained of were reasonably incident to the lawful arrest. Appellant therefore may not recover from any of the officers for trespass, false arrest, false imprisonment, "kidnapping," malicious prosecution, nor conspiracy to commit these torts.

Nor may appellant recover from Miss Cote or Mrs. Lynn. ▪▪▪ A private person does not become liable for false imprisonment when in good faith he gives information, even mistaken information, to the proper authorities even though such information may be the principal cause of another's imprisonment. (*Peterson* v. *Robison*, 43 Cal.2d 690, 695 [277 P.2d 19]; *Turner* v. *Mellon*, 41 Cal.2d 45, 58 [257 P.2d 15]; *Hughes* v. *Oreb*, 36 Cal.2d 854, 859 [228 P.2d 550]; *Miller* v. *Fano*, 134 Cal. 103, 107 [66 P. 183].)

Appellant further contends that his actions against certain police officers were erroneously dismissed by the court at the commencement of the trial. At that time appellant stipulated that he had not filed any claim against Officers Higgins, Haynes, Hill, Bieri, Carabine or Workman prior to filing suit as required by section 2710.4[1] and within the time specified by section 2710.6[2] of the Long Beach Municipal Code.

The court properly construed these municipal code provisions to be controlling and appellant was required to comply therewith as a condition precedent to the filing of an action against such officers. Under such circumstances the order of dismissal was entirely proper. In the case of *Whitson* v. *LaPay*, 153 Cal.App.2d 584 [315 P.2d 45], the very provisions of the municipal ordinances under consideration here were before the court in an action for false arrest and battery. In that case appellant contended that inasmuch as his action was not based on negligence the filing of a claim was unnecessary by reason of the provisions of Government Code section 1981. The appellate court pointed out, however, that the latter section embraces only negligence actions and not intentional torts. The court held that the necessity of the filing of a claim for an alleged intentional tort was nonetheless governed by the Long Beach ordinance and not by the Government Code.

Appellant contends the claims provisions of the Long Beach Municipal Code are unconstitutional because the state has preempted the field. However, the court disposed of that issue in the case of *Whitson* v. *LaPay, supra,* 153 Cal.App.2d at page 589, ". . . it does not appear that the state has preempted the field in the matter of filing claims as a condition precedent to suit in the case of intentional torts."

Appellant also complains that during the filing period of the claims ordinance he was unaware of the identity of the police personnel charged with keeping him in jail

---

[1]*Section 2710.4*—Claims against Representatives of City.

No suit for damages or money shall be brought against any officer, agent, employee, board member or commission member until a claim for such damages or money has been served upon such officer, agent, employee, board member or commission member, and a copy of such claim filed with the City Clerk.

[2]*Section 2710.6*—Service of Claim.

Any claim for damages or money against any officer, agent, employee, board member, or commission member must be served upon such person, and a copy thereof filed with the City Clerk of the city within ninety days after the occurrence of the accident from which the damages or claim for money arose.

during the period of his detention. He further contends the filing of his claims as to Officers Cohee, Lamont and Dyer was sufficient to put the Long Beach officers on notice of the offense and therefore there was substantial compliance with the claims ordinance. Failure to file a claim is noncompliance not substantial compliance. (*Johnson* v. *City of Oakland,* 188 Cal. App.2d 181, 183 [10 Cal.Rptr. 409].) The period allowed for filing claims under this ordinance is designed in part to allow plaintiffs to determine the identity of municipal servants. It was neither shown nor contended that the information as to the identity of those on duty was withheld from appellant. His claim was barred by the procedural prerequisites of the ordinance, and the action was properly dismissed. (Long Beach Municipal Code, §§ 2710.4, 2710.6.)

The court has examined the various items of evidence found by the trial court to be true which appellant deems inherently improbable. These contentions are without merit and no purpose would be served to set them forth at length.

The judgment is affirmed.

Burke, P. J., and Balthis, J., concurred.