[Civ. No. 6780. Fourth Dist. Oct. 4, 1962.]

CLARENCE E. WHALEY, Plaintiff and Appellant, v. A. ELMER JANSEN, as City Chief of Police, etc., et al., Defendants and Respondents.

224

Clarence E. Whaley, in pro. per., for Plaintiff and Appellant.

Alan M. Firestone, City Attorney, and G. Don Lindberg, Deputy City Attorney, for Defendants and Respondents.

GRIFFIN, P. J.—Plaintiff-appellant Clarence E. Whaley brought this action in propria persona for false arrest and false imprisonment against defendants "San Diego City, San Diego County," Dr. W. G. Wiend and Dr. C. E. Lengyel, Chief of Police A. Elmer Jansen, and San Diego City Police Officers Merlyn A. Ludvigson, Frank Drake and Lieutenant Clarence Meyers, San Diego City Manager George Bean and his Assistant City Manager T. W. Fletcher.

Plaintiff alleges generally that on May 29, 1959, while he was going from house to house in San Diego "exposing wrong-doers in government," he carried with him a letter entitled, "A MOST APPALLING CONDITION," which letter outlined his grievances and requested the use of the home to call in the neighbors and friends so he could deliver a lecture and obtain voluntary contributions from them to carry on his work; that about noon he was walking on the sidewalk in a residential district when defendant Officer Ludvigson stopped him and questioned him; that plaintiff told Officer Ludvigson what he had been doing and the officer asked him to get into the patrol car and talk and that plaintiff walked away; that the officer told him that if he walked away he would place him

under arrest; that plaintiff continued walking away from the officer and the officer stated, "You're under arrest for vagrancy"; that plaintiff was forced into the car and literature was removed from his pocket with such titles as "A MOST APPALLING CONDITION, KIDNAPPED AND RAILROADED TO THE BUG HOUSE," and "Earl Warren a Travesty of Equal Justice Under the Law"; that after reading the articles and talking to plaintiff, Officer Ludvigson transported plaintiff to the police station and plaintiff remained in the car while the officer went to the office; that Officer Ludvigson returned and asked plaintiff if he had a permit to solicit and plaintiff answered that he had none because he was not soliciting money; that the officer then went back and in a few minutes returned with another officer and they took plaintiff to the county psychiatric unit; that plaintiff told them that they had no right to do this and attempted to walk away from them and Officer Drake took him into the psychiatric unit; that he was there interviewed by Dr. Reed and plaintiff demanded of the doctor that he be released; that the doctor replied that he had no authority to do so and that plaintiff's release would have to be effected through defendants Dr. Wiend or Dr. Lengyel; that on June 1, 1959, these two doctors interviewed plaintiff and on June 3, 1959, without being formally charged with a crime or mental illness, he was released.

It is then alleged that on June 21, 1959, plaintiff wrote a letter to defendant Assistant City Manager Fletcher, requesting information as to which superior officer ordered these officers to place plaintiff in the psychiatric unit, and he was informed that defendant Lieutenant Meyers was the officer on duty at the time and that he had authority to have plaintiff so committed; that plaintiff inquired of defendant City Manager Bean, on July 13, 1958, as to which officers placed him in the psychiatric ward on May 25, 1957, and he was told to contact defendant Police Chief Jansen about the matter. Plaintiff averred that these policies and practices of the city manager and his Assistant City Manager Fletcher and Chief of Police Jansen "makes them partly responsible for plaintiff being unlawfully put in the county psychiatric unit on May 29, 1959."

Plaintiff alleges that he was not mentally ill and that defendants had no probable cause to believe he was so mentally ill as to render him dangerous to himself or to the person or property of others at the time. He seeks damages in the sum of $100,000 against each defendant.

A demurrer to the complaint as to the City of San Diego and the remaining defendants was interposed and sustained with leave to amend, except as to the City of San Diego. Plaintiff filed amendments to the original complaint alleging that defendant Dr. Wiend and Dr. Lengyel knew that the police officers did not have reasonable cause for taking plaintiff into custody and incarcerating him in the psychiatric unit on May 29, 1959; further, that defendant officers, Ludvigson and Drake, arrested plaintiff without a warrant and without legal process; that he assumes defendant Lieutenant Meyers did authorize defendants Ludvigson and Drake to imprison plaintiff in the said psychiatric unit in violation of plaintiff's constitutional rights.

It is then alleged that defendant City Manager Bean, having the power to appoint and remove the chief of police, did not use due care and was negligent in his failure to take action to suspend or remove Lieutenant Meyers and Officers John D. Kirby and D. E. Thomas for being unfit and incompetent police officers, after receiving notice of such fact from him, and that defendant Assistant City Manager Fletcher and defendant Chief of Police Jansen also failed to act in this respect. Accordingly, damages were sought against each defendant.

The trial court sustained the demurrer to the complaint as amended without further leave to amend and dismissed the complaint as to all defendants. Plaintiff appeals from the judgment of dismissal as to defendants City Manager Bean, Chief of Police Jansen, Officers Meyers, Ludvigson and Drake, and argues: (1) that plaintiff is deemed to have established a prima facie case for false imprisonment where it appears that he was arrested without a warrant; that the complaint shows the imprisonment of plaintiff by alleging that Officers Ludvigson and Drake unlawfully, and against the will of plaintiff, transported him to the county psychiatric unit and incarcerated him therein, and that he was confined to the said unit until June 3, 1959, on which day he was released without having to appear in court and without having been formally charged with a crime or mental illness; (2) that defendant policemen did not have reasonable cause to place plaintiff in the county psychiatric ward (citing *Collins* v. *Jones,* 131 Cal.App. 747 [22 P.2d 39]; Welf. & Inst. Code, § 5050.3); (3) that defendant policemen violated section 237 of the Penal Code and the state and federal Constitutions pertaining to freedom of speech and the press and security against unreasonable search

and seizure of the person (citing U.S. Const., Fourth and Fourteenth Amendments; Cal. Const. art. I, §§ 9 and 19) ; that the defendants City Manager Bean and Chief of Police Jansen are liable for failure to remove or suspend the officers as unfit (citing *Fernelius* v. *Pierce*, 22 Cal.2d 226 [138 P.2d 12] ; San Diego City Charter, §§ 27, 28, 57 and 129) and that the filing of a claim with a public officer or employee is not a prerequisite to an action against them for an intentional tort, but only in negligence actions (citing *Whitson* v. *LaPay*, 153 Cal. App.2d 584 [315 P.2d 45]). Accordingly, it is argued that all that was necessary to state a cause of action for false imprisonment was to allege that the arrest was made without process, the subsequent imprisonment and the damage. (Citing *Kaufman* v. *Brown*, 93 Cal.App.2d 508 [209 P.2d 156] ; 22 Cal.Jur.2d § 43, p. 78.)

The defendant-respondent police officers contend that as to them the complaint itself is replete with allegations that show probable and reasonable cause for the arrest and detention of the plaintiff and that no cause of action is stated against defendant City Manager Bean and Chief of Police Jansen.

The courts have repeatedly held that an officer is justified in making an arrest in the case of a misdemeanor without a warrant only when the person arrested in fact committed the offense in the presence of the officer. (*Collins* v. *Owens*, 77 Cal.App.2d 713, 714 [176 P.2d 372].) The law further states that in the case of a misdemeanor, it is sufficient that the arresting officers have reasonable cause to believe, from the observable acts, that a crime is being committed in their presence. (*Garske* v. *United States*, 1 F.2d 620, 622; *Cover-stone* v. *Davies*, 38 Cal.2d 315, 320 [239 P.2d 876].)

In an action for false arrest and imprisonment, the question of reasonable or probable cause is ordinarily one for the court, and not for the jury. When the facts are admitted or are beyond controversy, the question is to be determined by the court alone. When the facts are controverted or the evidence conflicting, the determination of their legal effect by the court is necessarily hypothetical and the jury is to be told that if it finds the facts in a designated way such facts do or do not amount to probable cause. (*Aitken* v. *White*, 93 Cal.App.2d 134 [208 P.2d 788].) (See also *Hill* v. *Nelson*, 71 Cal.App.2d 528, 534 [162 P.2d 927].)

The critical question normally presented is whether the acts done in the presence of the officers justified the arrest being made without a warrant. The only facts before

228

this court or the lower court are those alleged in the complaint and the amended complaint. The complaint as a whole is subject to review on the question. (*Muller* v. *Coastside County Water Dist.*, 191 Cal.App.2d 511 [12 Cal. Rptr. 712].) The complex, detailed, and somewhat erratic account of plaintiff's detention clearly indicates that the officers had reasonable cause to believe that a misdemeanor was being committed. However, the detention of plaintiff by the officers was not made for any public offense, but apparently it was made pursuant to Welfare and Institutions Code, section 5050.3, which provides the following authorization: ''When any person becomes so mentally ill as to be likely to cause injury to himself or others and to require immediate care, treatment, or restraint, a peace officer or health officer, who has reasonable cause to believe that such is the case, may take the person into custody for his best interest and protection and place him as provided in this section. The person believed to be mentally ill may be admitted and detained in the quarters provided in any county hospital or state hospital upon application of the peace officer or health officer. The application shall be in writing and shall state the circumstances under which the person's condition was called to the officer's attention and shall also state that the officer believes, as a result of his personal observation, that the person is mentally ill and because of his illness is likely to injure himself or others if not immediately hospitalized.

''The superintendent or physician in charge of the quarters provided in such county hospital or state hospital may care for and treat the person for a period not to exceed seventy-two (72) hours, excluding Sundays and nonjudicial days. Within said seventy-two (72) hours the person shall be discharged from the institution unless a petition of mental illness is presented to a judge of the superior court and the court issues an order for detention of such person, or unless the person is admitted as a patient under any other provision of law.''

While *Collins* v. *Jones, supra,* 131 Cal.App. 747, relied upon by plaintiff, might indicate that want of probable cause is not an essential element in an action for false imprisonment, it appears from *Coverstone* v. *Davies, supra,* 38 Cal.2d 315, 321, that an authorized peace officer may make an arrest without a warrant for a crime which he has probable cause to believe is being committed in his presence, although it be a misdemeanor. The holding in *Collins* v. *Owens, supra,* 77

Cal.App.2d 713, 714, was disapproved insofar as such language denies application of the doctrine of probable cause to such a situation. ▆ The Legislature has clearly stated the right of a peace officer to take a person into custody if he has reasonable cause to believe that person to be so mentally ill as to be dangerous to himself or others. (Welf. & Inst. Code, § 5050.3.) ▆ The defendant officers are police officers of the City of San Diego and as such are peace officers of the State of California. (Pen. Code, § 7, subd. 8; § 817.) ▆ If we accept as true the account alleged in the complaint, it is clear that there was reasonable and probable cause for the detention and psychiatric examination of plaintiff. ▆ The authority contained in Welfare and Institutions Code, section 5050.3, does not confine the test of reasonable cause to acts committed in the presence of the officers. ▆ In determining whether there was reasonable cause for an arrest without a warrant, police officers are justified in taking into account the past conduct, character and reputation of the person suspected. (*Farnsworth* v. *Cote*, 199 Cal. App.2d 762, 767-768 [19 Cal.Rptr. 45].) The totality of circumstances as set forth in plaintiff's statement of the case must be considered in determining whether reasonable cause existed. ▆ We conclude that justification for the detention was clearly shown on the face of the complaint, and we must conclude that the complaint and its amendments fail to state a cause of action because reasonable cause for the detention was shown on its face.

▆ The plaintiff alleges that from certain alleged facts he assumed that Lieutenant Meyers authorized or instructed the police officers to put plaintiff in the county psychiatric unit. The allegation was merely a conclusion or opinion. ▆ Conclusions or deductions from the facts alleged do not constitute a cause of action. (39 Cal.Jur.2d § 130, p. 191.) ▆ It is clear that the detention was instituted by Officers Kirby and Thomas acting under the authority of Welfare and Institutions Code, section 5050.3.

If the officers and defendant doctors lawfully and with reasonable cause acted under that section, then plaintiff has not stated a cause of action for false arrest and false imprisonment. Under Penal Code, section 847: ''There shall be no civil liability on the part of and no cause of action shall arise against any peace officer, acting within the scope of his authority, for false arrest or false imprisonment arising out of any arrest when: (a) Such arrest was lawful or when such

peace officer, at the time of such arrest had reasonable cause to believe such arrest was lawful; . . .''

Upon application of the peace officer, plaintiff was admitted to the hospital. Sufficient facts are recited in the complaint to justify the officer's belief that plaintiff was so mentally ill as to be likely to cause injury to himself or others and to require medical care or restraint. ▆▆▆ It is not indicated by the complaint whether the application for entry of the plaintiff was in writing and did state the circumstances under which the person's condition was called to the officer's attention and the officer's belief in respect to his personal observation. It will be presumed that the officer performed his duty. (Civ. Code, § 3529.) The complaint does not allege otherwise. Sufficient opportunity was afforded plaintiff to so plead if it was untrue. ▆▆▆ Plaintiff was subsequently discharged after interviews with the doctors. No violation of plaintiff's rights, under that section, is indicated.

▆▆▆ Plaintiff's complaint as to defendant City Manager Bean and defendant Chief of Police Jansen merely alleges that the policies and practices of these defendants make them partly responsible for plaintiff's arrest and imprisonment. This allegation is a bare conclusion, not deduced from facts alleged, and does not constitute a cause of action. (39 Cal. Jur.2d § 130, p. 191.)

▆▆▆ In the amendment to the complaint, these defendants are alleged to be liable for their negligence in failing to remove Officers Kirby and Thomas (not parties to this action) because of some former difficulty between plaintiff and these officers and Officers Ludvigson, Drake and Lieutenant Meyers. *Fernelius* v. *Pierce, supra,* 22 Cal.2d 226, relied upon by plaintiff, held that liability for the acts of their subordinates is imposed on superior public officers only if, knowing of the unfitness of the subordinates, they *negligently* fail to remove them. The pleading does not allege prior knowledge of these defendants as to any claimed act committed by the officers which constituted incompetency or unfitness. Plaintiff merely recites that he complained about their actions. The allegations are not sufficient to bring the pleading within the holding of the case relied upon. (22 Cal. Jur.2d § 33, p. 70; *Michel* v. *Smith,* 188 Cal. 199 [205 P. 113]; *Downey* v. *Allen,* 36 Cal.App.2d 269 [97 P.2d 515]; *Fernelius* v. *Pierce, supra,* 22 Cal.2d 226, 246.) It is claimed by defendant officers that plaintiff has failed to allege the filing of a claim with such officers, as required by section 801

of the Government Code. Whether the pleadings state a cause of action for intentional tort is problematical. It was held in *Farnsworth* v. *Cote, supra,* 199 Cal.App.2d 762, in construing section 1981 of the Government Code, that the making of the filing of a claim with a public officer or employee a prerequisite to maintenance of an action against him embraces only negligence actions, not intentional torts. In 41 California Jurisprudence 2d section 243, page 129, it was held that the claims statute did not apply to intentional torts such as false arrest, false imprisonment, or assault and battery. (Citing *Jones* v. *Shears,* 143 Cal.App.2d 360 [299 P.2d 986].)       As to City Manager Bean and Chief of Police Jansen, the allegations are that they were negligent not to suspend or discharge certain police officers. This does not allege an intentional tort and sections 801 and 802 of the Government Code, requiring the filing of a claim, would be applicable. (*Farnsworth* v. *Cote, supra,* 199 Cal.App.2d 762; *Bettencourt* v. *State of California,* 139 Cal.App.2d 255 [293 P.2d 472].) There is no allegation that any claim was filed in this respect. (*Payne* v. *Bennion,* 178 Cal.App.2d 595 [3 Cal.Rptr. 14].) The demurrer to the complaint and its amendments was properly sustained without leave to amend.

Judgment affirmed.

Coughlin, J., and Stone, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 12, 1962.

---

*Assigned by Chairman of Judicial Council.