[Civ. No. 28110.   Second Dist., Div. Two.   Sept. 14, 1964.]

ROSCOE HURD, Plaintiff and Appellant, v. RENADET PAQUIN et al., Defendants and Respondents.

---

*Retired Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

James A. Poore for Plaintiff and Appellant.

Leonard Putnam, City Attorney, and Robert G. Austin, Deputy City Attorney, for Defendants and Respondents.

ASHBURN, J.*—Plaintiff appeals from an adverse judgment in an action against defendants Paquin and Johnson for false imprisonment and assault and battery. He alleged that defendants wrongfully arrested him, confined him in the Long Beach jail and committed violent assaults and batteries upon him, and he sought recovery of damages for same. Defendants raised inter alia the affirmative defense that the action was barred by failure to file a claim as required by sections 2710-2710.6 of the Long Beach Municipal Code enacted on December 13, 1955.

At pretrial conference plaintiff's complaint was amended by adding a prayer for punitive damages and it was stipulated that "issue No. 5 in the Joint Pre-Trial Statement shall be tried first by the court sitting without a jury." Issue 5 was stated to be "[W]hether plaintiff is barred by the provisions of sections 2710 and 2710.6, inclusive, of the Long Beach Municipal Code."

The complaint did not aver that defendants were police officers or that they were any type of municipal employee engaged in the course and scope of such employment. It plainly was intended to come within the doctrine of *Stewart* v. *McCollister,* 37 Cal.2d 203 [231 P.2d 48], which holds that section 1981, Government Code, then in effect, required the filing of a verified claim only when the injured person claimed that he had been injured as a result of a public employee's negligence occurring during the course of his employment, and in the absence of such an allegation by plaintiff, defendant, by making such an allegation himself, could not invoke the statute to defeat the action. (This case has been criticized and explained in the light of later legislation in such manner that it is now doubtful whether its holding is presently the

---

*Retired Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

law. See Prof. Arvo Van Alstyne on *Claims Against Public Employees: More Chaos in California Law,* 8 U.C.L.A. L. Rev., pp. 497, 500, 514; *Chavez* v. *Sprague,* 209 Cal.App.2d 101, 105-107 [25 Cal.Rptr. 603].)

Plaintiff placed himself beyond the purview of *Stewart* v. *McCollister* by stipulating with his opponent at the pretrial that "defendants were duly appointed police officers of the City of Long Beach." Prior to that time the allegations of the complaint were consistent with a citizen's arrest and assault and imprisonment committed by the arresting citizens. But this stipulation (incorporated by reference into the judge's order) became a part of the complaint. ■ "It is settled that, when filed, a pretrial conference order, unless modified at or before trial, supersedes the issues raised by the pleadings and controls the subsequent course of the case. . . . Until presented with a request for its modification, the trial judge has a right to rely on the posture of the case defined by the pretrial conference order." (*Feykert* v. *Hardy,* 213 Cal. App.2d 67, 74 [28 Cal.Rptr. 510].) To the same effect see *Fitzsimmons* v. *Jones,* 179 Cal.App.2d 5, 8 [3 Cal.Rptr. 373]. So we have an action for willful torts committed by Long Beach policemen and are confronted with the question whether the filing of a claim was requisite to perfection of a cause of action either under general law or under the municipal code of the city.

The trial court held that noncompliance with the city ordinance was fatal to the maintenance of plaintiff's action.

The date of these torts was June 13, 1961, at which time the claim statutes of 1959 were in effect, as were the above cited sections of the municipal code.

For many years prior to 1959 section 1981, Government Code, required the filing of a claim where damages were sought against an officer or employee of a municipality for injuries caused by "negligence or carelessness" of such officer or employee.[1] In 1951 section 2003[2] was enacted (which is said

---

[1] "§ 1981. Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In

to have been intended to put an end to the rule of the *Stewart* case; see *Chavez* v. *Sprague, supra,* 209 Cal.App.2d 101, 106). Both of these sections were repealed in 1959; section 801, Government Code, was enacted in place of 1981 and section 803 replaced 2003.[3]

All of these sections—1981, 2003, 801 and 803—were restricted by their terms to claims based upon negligence of the public employee. The appellate courts have held with uniformity that the omission of any mention of willful torts meant that no claim need be filed in such instances. (See *Whitson* v. *LaPay,* 153 Cal.App.2d 584, 589 [315 P.2d 45] ; *Chappelle* v. *City of Concord,* 144 Cal.App.2d 822, 825 [301 P.2d 968] ; *Sarafini* v. *City & County of San Francisco,* 143 Cal.App.2d 570, 574 [300 P.2d 44] ; *Reynolds* v. *Lerman,* 138 Cal.App.2d 586, 591, 594 [292 P.2d 559] ; *Jones* v. *Shears,* 143 Cal.App.2d 360, 364-365 [299 P.2d 986] ; *Whaley* v. *Jansen,* 208 Cal.App. 2d 222, 231 [25 Cal.Rptr. 184] ; *Davis* v. *Kendrick,* 52 Cal.2d

---

the case of a State officer the claim shall be filed with the officer and the Governor.''

[2]''§ 2003.  A cause of action against an employee of a district, county, city, or city and county for damages resulting from any negligence upon the part of such employee while acting within the course and scope of such employment shall be barred unless a written claim for such damages has been presented to the employing district, county, city, or city and county in the manner and within the period prescribed by law as a condition to maintaining an action thereof against such governmental entity.''

[3]''§ 801.  Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be.  In the case of a state officer the claim shall be filed with the officer and the Governor.''

''§ 803.  A cause of action against an employee of a district, county, city, or city and county for damages resulting from any negligence upon the part of such employee while acting within the course and scope of such employment shall be barred unless a written claim for such damages has been presented to the employing district, county, city, or city and county in the manner and within the period prescribed by law as a condition to maintaining an action therefor against such governmental entity.'' (Stats. 1959, ch. 1715, pp. 4120-4121.)

These 1959 sections remained in effect until 1963 when they were repealed.  (Stats. 1963, ch. 1715, § 6, p. 3395.)

517, 520 [341 P.2d 673]; *Ward* v. *Jones,* 39 Cal.2d 756, 760 [249 P.2d 246].) However, these state statutes are not controlling here.

■ The field has not been preempted by the state.

In the case of *Whitson* v. *LaPay, supra,* 153 Cal.App.2d 584, 589, this court said: "Appellant contends that inasmuch as this action is not based on negligence, the filing of a claim is unnecessary by reason of the provisions of Government Code, section 1981. It is well settled that section 1981 embraces only negligence actions and not intentional torts such as alleged in the complaint herein. However, the necessity of the filing of a claim in this action for an alleged intentional tort is governed by the Long Beach City ordinance and not by Government Code, section 1981. We have concluded that the rule announced in *Wilson* v. *Beville,* 47 Cal.2d 852 [306 P.2d 789], dealing with the necessity of filing claims under city ordinances or charters for compensation for damages for inverse condemnation, is not applicable to the matter before us as it does not appear that the state has preempted the field in the matter of filing claims as a condition precedent to suit in the case of intentional torts." It was held that the filing of a claim arising from an intentional tort was necessary under Long Beach Ordinance No. C-1436 the terms of which, quoted at page 586, are, with two small and inconsequential exceptions, identical with the sections of the municipal code here involved—quoted at page 8 of the clerk's transcript. The Supreme Court denied a hearing in the *Whitson* case.

The pertinent sections of the municipal code are set forth in the margin.[4]

---

[4] "SECTION 2710.4—*Claims Against Representatives of City*—No suit for damages or money shall be brought against any officer, agent, employee, board member or commission member until a claim for such damages or money has been served upon such officer, agent, employee, board member or commission member, and a copy of such claim filed with the City Clerk [of the City of Long Beach].

"SECTION 2710.5—*Same—Form of Claim*—The claim shall be in writing, shall be signed and verified by the claimant, and shall give the claimant's post office and residence address. The claim shall state the time, place, and manner in which the claim arose, the nature and extent of the injury or damages claimed, and all other details necessary to a full consideration of the merit and legality of such claim. If the claim consists of more than one item, the claimant [*sic*] must be fully itemized.

"SECTION 2710.6—*Same—Service of Claim*—Any claim for damages or money against any officer, agent, employee, board member, or commission member must be served upon such person, and a copy thereof

*Farnsworth* v. *Cote,* 199 Cal.App.2d 762 [19 Cal.Rptr. 45], was an action for trespass, false arrest, false imprisonment, malicious prosecution and conspiracy to commit such torts. At page 769 the court said: ''Appellant further contends that his actions against certain police officers were erroneously dismissed by the court at the commencement of the trial. At that time appellant stipulated that he had not filed any claim against Officers Higgins, Haynes, Hill, Bieri, Carabine or Workman prior to filing suit as required by section 2710.4 and within the time specified by section 2710.6 of the Long Beach Municipal Code.

''The court properly construed these municipal code provisions to be controlling and appellant was required to comply therewith as a condition precedent to the filing of an action against such officers. Under such circumstances the order of dismissal was entirely proper. In the case of *Whitson* v. *LaPay,* 153 Cal.App.2d 584 [315 P.2d 45], the very provisions of the municipal ordinances under consideration here were before the court in an action for false arrest and battery. In that case appellant contended that inasmuch as his action was not based on negligence the filing of a claim was unnecessary by reason of the provisions of Government Code section 1981. The appellate court pointed out, however, that the latter section embraces only negligence actions and not intentional torts. The court held that the necessity of the filing of a claim for an alleged intentional tort was nonetheless governed by the Long Beach ordinance and not by the Government Code.

''Appellant contends the claims provisions of the Long Beach Municipal Code are unconstitutional because the state has preempted the field. However, the court disposed of that issue in the case of *Whitson* v. *LaPay, supra,* 153 Cal.App.2d at page 589, '. . . it does not appear that the state has preempted the field in the matter of filing claims as a condition precedent to suit in the case of intentional torts.' ''

It will be noted that the *Farnsworth* case involved the same sections of the Long Beach Code as the cause at bar.

To same effect see *Slavin* v. *City of Glendale,* 97 Cal.App.2d 407, 410 [217 P.2d 984]; *Klimper* v. *City of Glendale,* 99 Cal. App.2d 446, 451 [222 P.2d 49].

The fact of absence of state preemption of the field is re-

filed with the City Clerk of the city [of Long Beach] within ninety days after the occurrence or the accident from which the damage or claim for money arose.''

flected in section 730, Government Code, enacted in 1959 (Stats. 1959, ch. 1724, p. 4138) which, though not applicable to claims against the public employee, does recognize existing jurisdiction in local agencies such as cities to govern these matters by charter, ordinance or regulation adopted by the local public entity.[5]

The phrasing of section 2710.4, municipal code, "No suit for damages or money" and of section 2710.6 "Any claim for damages or money," contrasts with Government Code sections 801 and 803 which carefully confine the right of recovery to damages caused by negligence or carelessness of the employee. It is apparent that the municipal code goes beyond the state statute and requires the filing of a claim based upon willful torts as well as those growing out of negligence.

As no claim was filed by plaintiff and no attempt made to comply with the Long Beach Code, the court correctly decided that he has no cause of action.

Judgment affirmed.

Herndon, Acting P. J., and Roth, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 10, 1964.

---

[5]Section 950.8, Government Code (Stats. 1963, ch. 1715, p. 3387), which was cited in oral argument, is not applicable here. It says: "Any provision of a charter, ordinance or regulation heretofore or hereafter adopted by a local public entity which requires the presentation of a claim as a prerequisite to the maintenance of an action against a public employee to enforce his personal liability is invalid." But section 152(b) of the same chapter, page 3424, says: "Nothing in this act revives or reinstates any cause of action that, on the effective date of this act, is barred either by failure to comply with any applicable statute, charter or ordinance requiring the presentation of a claim or by failure to commence an action thereon within the period prescribed by an applicable statute of limitations."

Plaintiff's cause of action having failed through noncompliance with the local ordinance drew no new life from section 950.8 because section 152(b) specifically so provided. Such preemption of the field as occurred in 1963 did not affect causes of action which had died prior to its enactments through failure to comply with previously existing local ordinances, etc., while they were legally effective. Retroactivity of section 950.8 did not extend to cases f .lling within section 152(b).