Filed 5/26/15  Yazdani v. Bank of America CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| KAVEH YAZDANI, | D066141 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00045361-CU-OR-NC) |
| BANK OF AMERICA, N.A. et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.


Leon E. Campbell, for Plaintiff and Appellant.

Akerman, Karen P. Ciccone and Evan F. Anderson, for Defendants and Respondents.

## INTRODUCTION

Kaveh Yazdani appeals from the judgment entered in favor of Bank of America, N.A. (BofA) and ReconTrust Company, N.A.[1] (ReconTrust, together with BofA, defendants) after the trial court sustained the demurrer to Yazdani's third amended complaint (TAC) without leave to amend. Yazdani contends the court erred in sustaining the demurrer without leave to amend because his TAC stated sufficient facts to constitute a cause of action for breach of the implied duty to act in good faith and fair dealing. We disagree and affirm the judgment.

## BACKGROUND

Because this appeal arises from the sustaining of a demurrer, we summarize the underlying facts stated in the TAC, accepting as true the TAC's properly pleaded material factual allegations and facts properly judicially noticed. (*Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 435-436.)

### A

In 2006, Yazdani obtained a loan from Home Loan Corporation dba Expanded Mortgage Credit, for $656,250 to purchase property in San Marcos, California. The loan was secured by a deed of trust on real property. The trust deed was recorded evidencing the secured loan. The trust deed identified Home Loan Corporation dba Expanded Mortgage Credit as the trustee and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.

---

[1] Erroneously sued as "Reconstruct Company."

In April 2008 ReconTrust as agent for the beneficiary, recorded a notice of default stating Yazdani owed $12,279.49. Subsequently, MERS substituted ReconTrust as the new trustee. MERS also assigned all beneficial interest under the deed of trust to the "Bank of New York Mellon fka the Bank of New York as trustee for the certificateholders of the CWALT, Inc., Alternative Loan Trust 2007-OA3 Mortgage Pass-Through Certificates, Series 2007-OA3." (Some capitalization omitted.) BofA was the loan servicer.

Thereafter, ReconTrust recorded three notices of trustee's sale, with each notice further postponing the public auction sale date. ReconTrust issued a trustee's deed upon sale indicating ReconTrust sold the secured property to Alegria Real Estate Fund II, LLC at a public auction on April 3, 2013. The trustee's deed was recorded on April 15, 2013.

B

Yazdani filed this action challenging the foreclosure sale. Before defendants could file their demurrer to the original complaint, Yazdani amended the complaint. Alegria Real Estate Fund II, LLC[2] filed a demurrer to Yazdani's first amended complaint (FAC), which the court sustained with leave to amend.

Yazdani filed a second amended complaint (SAC). Defendants demurred to Yazdani's SAC, which the court sustained with leave to amend. The problems with the SAC were: "(1) plaintiff failed to comply with the pleading format set forth in the California Rules of Court[, rule 2.112] in that each cause of action was not separately

---

[2]     Yazdani dismissed Algeria Real Estate Fund II, LLC from this action.

stated, separately numbered, and did not identify the parties asserting the claim and against whom it is asserted and (2) it was not clear whether [Yazdani] was asserting a sole cause of action for breach of the implied covenant of good faith and fair dealing or if he intended to assert additional claims." The court granted Yazdani leave to amend.

In his TAC, Yazdani alleged "[i]n breach of said duty of good faith and fair dealing, and as a single cause of action," BofA caused a variety of statutory violations related to nonjudicial foreclosure procedure to occur. Without specific factual allegations, Yazdani generally alleges BofA breached its duty of good faith and fair dealing by causing a trustee's sale "in violation of one or more of [BofA's] duties" as set forth in Civil Code sections 2923.5, 2923.6, 2923.7, 2923.55, 2924.9, 2924.10, 2924.17, 2924.18, and the federal Home Affordable Modification Program as authorized by the Emergency Economic Stabilization Act of 2009, and as amended by the American Recovery and Reinvestment Act of 2009.

The court sustained defendants' demurrer to Yazdani's TAC without leave to amend. The court explained Yazdani's TAC still suffered from the same defects as the SAC. Additionally, the court stated Yazdani's TAC "fails to allege facts constituting any cognizable cause of action" and "consists almost entirely of conclusory allegations of alleged wrongdoing, with no facts pled to support the conclusions." The court entered judgment in favor of defendants and dismissed Yazdani's action with prejudice.

4

DISCUSSION

I

*Standard of Review*

On appeal from a judgment of dismissal following the sustaining of a demurrer without leave to amend, we initially review the allegations of the complaint de novo to determine if it alleges facts sufficient to state a claim for relief under any legal theory. (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 506 (*Jenkins*).) "[W]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) However, we do not assume the truth of contentions, deductions or conclusions of fact or law. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

"In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer." (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) "However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory." (*Genesis Environmental Services v. San Joaquin Valley Unified Air Pollution Control Dist.* (2003) 113 Cal.App.4th 597, 603.)

5

If we conclude the complaint fails on any grounds stated in the demurrer, and if the trial court sustained the demurrer without leave to amend, we must then review whether the trial court's failure to grant leave to amend was an abuse of discretion. (*Jenkins*, *supra*, 216 Cal.App.4th at pp. 506-507.)  Specifically, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)  The plaintiff has the burden of demonstrating abuse of discretion by showing how the complaint can be amended to state a cause of action.  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

II

*Inadequacy of the Complaint*

Rule 2.112 of the California Rules of Court requires each cause of action to be numbered separately and its nature stated.  In addition, where there is more than one plaintiff or defendant, the names of the plaintiffs asserting the particular cause of action and the names of the defendants against whom the cause of action is asserted must appear.  (Cal. Rules of Court, rule 2.112.)

In sustaining defendants' demurrer to Yazdani's SAC with leave to amend, the trial court expressly pointed out Yazdani's failure to comply with the pleading format set forth in California Rules of Court, rule 2.112.  Yazdani failed to cure these formatting defects in his TAC.  The cause of action was not numbered, although Yazdani alleges he is asserting a single cause of action for breach of the implied covenant of good faith and fair

6

dealing, which he alleges caused various statutory violations. There are no allegations alleging the basis of a cause of action against ReconTrust.

Additionally, the complaint does not comply with Code of Civil Procedure section 425.10, subdivision (a)(1), which requires "[a] statement of the facts constituting the cause of action, in ordinary and concise language." "Conclusions or deductions from the facts alleged do not constitute a cause of action." (*Whaley v. Jansen* (1962) 208 Cal.App.2d 222, 229.)

Here, Yazdani has repeatedly failed to sustain his burden of setting forth factual allegations constituting a cause of action. Yazdani's TAC consists almost entirely of conclusory allegations of wrongdoing, i.e., broad allegations of various statutory violations, with no facts pled to support the conclusions.

III

*Tender Rule*

Even if we overlook these pleading violations, defendants contend Yazdani's claim fails because he did not allege a valid tender of the entire amount owed. We agree.

"It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security. [Citations.] This rule is premised upon the equitable maxim that a court of equity will not order that a useless act be performed. 'Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved

7

through its intervention.' " (*Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578-579.) "To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves." (*Id.* at p. 580.) Moreover, as the court in *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526, explained, "Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt." This tender rule is strictly enforced. (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439.)

There are many exceptions to the tender rule. These exceptions include: (1) when the borrower is attacking the validity of the underlying debt; (2) when the party attacking the foreclosure sale has a counterclaim against the beneficiary equal to or greater than the amount of the tender; (3) when the party attacking the foreclosure sale is not liable for the debt; and (4) when the party attacking the foreclosure sale is not relying on equity because the trustee's deed upon sale is void on its face. (*Shuster v. BAC Home Loans Servicing, LP* (2012) 211 Cal.App.4th 505, 512.) However, Yazdani's TAC does not allege facts implicating these exceptions.

Here, the notice of default notified Yazdani that he owed $12,279.49 on his home loan. Yazdani did not plead, or provide any judicially noticeable evidence establishing, he tendered his outstanding debt to defendants. Yazdani also did not propose any facts showing it would be inequitable to require a full tender.

Yazdani contends, with no citation to authority, the tender rule only applies before the sale and is therefore inapplicable to the present case. Yazdani's argument fails to comply with California Rules of Court, rule 8.204(a)(1)(B), which requires briefs to

8

"support each point by argument and, if possible, by citation of authority." We may treat as waived any points not supported by reasoned argument or citation to authority. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)

Nevertheless, we note, "[a] cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." (*Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 579; see *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 121 ["Appellant's alleged cause of action for breach of an oral agreement is implicitly integrated with the voidable sale. However, *absent an effective and valid tender*, the sale became valid and proper. The hurdle which appellant has not been able to clear either legally or financially is that he never made a valid tender."].) Yazdani's alleged cause of action for breach of the implied covenant of good faith and fair dealing is implicitly integrated with the foreclosure sale. Therefore, the tender rule is applicable to the present case. Accordingly, Yazdani cannot state a valid cause of action because he failed to allege tender or to allege circumstances to indicate an exception to the tender rule applies.

IV

*Implied Covenant of Good Faith and Fair Dealing*

Finally, even if the tender rule did not apply, Yazdani's TAC fails to state sufficient facts to constitute a cause of action for breach of the implied duty to act in good faith and fair dealing.

"There is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract. [Citations.]

9

This covenant not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose." (*Harm v. Frasher* (1960) 181 Cal.App.2d 405, 417.) "The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another. Such power must be exercised in good faith." (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 372.) However, "it is well settled the implied covenant does not extend so far as to impose enforceable duties that are beyond the scope of the contract, nor does the covenant prohibit actions that are expressly authorized by the contract's terms." (*Jenkins*, *supra*, 216 Cal.App.4th at p. 525; *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc*., *supra*, at p. 373 ["[i]t is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract."].)

Here, Yazdani generally alleges BofA breached the covenant of good faith and fair dealing by making conclusory and vague allegations of various statutory violations in connection with the nonjudicial foreclosure. However nowhere in his complaint does Yazdani identify an express term or underlying purpose of the deed of trust or any other contract to which the alleged breach of the implied covenant of good faith and fair dealing relates. Moreover, Yazdani sets forth no facts to support the alleged statutory violations or how the alleged statutory violations deprived him of the benefit of the loan agreement. (*Jenkins*, *supra*, 216 Cal.App.4th at p. 528; see *Pasadena Live v. City of*

10

*Pasadena* (2004) 114 Cal.App.4th 1089, 1094 [" 'implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract.' "].)  As such, Yazdani failed to state a valid cause of action for breach of the implied covenant of good faith and fair dealing.

V

*Denial of Leave to Amend*

Finally, we must also consider whether Yazdani has shown there is a reasonable probability he could cure the defects we have identified in the cause of action. (*Schifando*, *supra*, 31 Cal.4th at p. 1081.)  We conclude he has not done so.

Yazdani has not described new or more specific facts, or how those allegations would state a cause of action.  Significantly, Yazdani does not assert he should have been granted leave to amend to cure any defects in his complaint.  Rather, Yazdani states "[t]he alleged violations are ultimate facts.  Probative facts would take up many pages if known.  [Yazdani] alleges that full information is not available to [Yazdani], and that such probative facts are yet to be discovered."  Furthermore, in his opposition to demurrer to the TAC, Yazdani asserts, "[BofA] has full information concerning such violations; and that such information is unknown to [Yazdani] who is dependent on discovery to obtain such information."  However, Yazdani fails to articulate what discoverable evidence he believes BofA possesses and how it relates to the elements of a cause of action.

11

Yazdani contends *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197 provides an exception to the usual rules of pleading. However, there, the Supreme Court discussed an exception to the strict pleading standard for allegations of *fraud.* (*Id*. at p. 217.) Furthermore, the strict pleading standard is only relaxed if it is apparent the defendant possesses full information concerning the facts of the controversy. (*Ibid*.)

Yazdani does not allege a cause of action for fraud. Moreover, Yazdani vaguely asserts BofA possesses full information, but this is far from apparent because Yazdani fails to state with any specificity what facts defendants possess, how those facts are legally significant, or why Yazdani is not privy to *any* factual basis for his claim. Therefore, the exception is inapplicable to the present case.

Yazdani bears the burden of demonstrating abuse of discretion by showing how the complaint can be amended to state a cause of action. He has not met this burden. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p.1081.) As a result, there is no basis on which to grant leave to amend and the trial court did not abuse its discretion. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1158–1159.)

VI

*Conclusion*

Yazdani has failed to state a viable cause of action for breach of the implied covenant of good faith and fair dealing. Yazdani was granted ample opportunity and instruction from the trial court to cure the defects in his pleading, but failed to do so. The

12

TAC is unsuccessful because neither the very limited properly asserted facts nor the remaining conclusory allegations state the requisite elements of his cause of action. Yazdani has not provided adequate legal authority or factual allegations to satisfy his burden of showing there is a reasonable possibility he can amend the legal effect of his complaint.  (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.)

DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs on appeal.

McCONNELL, P. J.

WE CONCUR:

NARES, J.

McINTYRE, J.

13